THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, *v.* ALEXANDER MEAKIM AND OTHERS, RESPONDENTS.

*Criminal Procedure — acquittal because of a variance between the proof and the indictment — not a bar to a second indictment — the defendant cannot, on the trial of the second indictment, claim that there was no variance — Code of Criminal Procedure, sec 340.*

A second indictment was found for the same offense as that charged in a prior indictment, upon the trial under which first indictment the court had directed an acquittal upon the ground of a variance between the proof and the facts charged in the indictment.

Upon the trial under the second indictment the defendants urged that, in fact, there was no material variance between the proof upon the former trial and the allegations of the first indictment; that, therefore, the defendants had been once put in jeopardy, and that, consequently, the second indictment was within the constitutional prohibition. (Const., art. 1, § 6.)

*Held*, that the defendants having once insisted upon the existence of a variance between the proof and the first indictment, and their claim having been sustained, they could not, upon the trial under the second indictment, change their position and be permitted to go behind the record of the first trial.

That the first acquittal was not upon the merits, and that their jeopardy ceased when, at their request, the court held that a material variance existed.

APPEAL by the People of the State of New York from an order made in the Court of Oyer and Terminer, on the 29th day of

April, 1891, and entered in the office of the clerk of the city and county of New York, arresting judgment upon a verdict in favor of the people upon the trial of a plea of former acquittal interposed by the defendants to the indictment herein.

The first indictment charged the defendants with willful neglect in failing, within a reasonable time, to decide, as excise commissioners of the city of New York, upon a charge against one Ahrens of selling liquors on election day within the statutory distance of the polls. It also charged that the defendants were the excise commissioners who had issued the license. It appeared that it was issued by their predecessors in office. This was held, upon the trial of the first indictment, to be a material variance.

Except as regards this allegation the second indictment was substantially the same as the first.

*Henry B. B. Stapler*, assistant district attorney, for the People, appellant.

*Richard S. Newcombe*, *A. J. Dittenhoefer*, *Edgar M. Johnson* and *Edward Browne*, for the respondents.

Barrett, J. :

Upon the face of the record the plea was properly overruled. The verdict rendered upon the trial under the first indictment was not on the merits. It was directed by the learned Recorder, because of his opinion that there was a variance between the proof and the indictment. The verdict as recorded reads as follows :

" The jury, without leaving the bar, say they find the defendants not guilty on the ground of variance between the proof and the indictment."

Upon the face of the record, therefore, the case is brought within section 340 of the Code of Criminal Procedure, which provides that, " If the defendant were formerly acquitted on the ground of a variance between the indictment and the proof,   *   *   *   it is not deemed an acquittal of the same offense." This section was a substantial re-enactment of the law as it existed under the Revised Statutes (2 R. S., 701, § 24).

If the case stood upon the record alone, there would, therefore, be no difficulty with regard to the result. We would only have to follow the plain terms of the statute, as was done in *Canter* v.

*The People* (1 Abb. Ct. of App. Cases, 305). There the plea presented the ground of acquittal on the former trial in the very words of the Revised Statutes, namely, "On the ground of a variance between the indictment and the proof." Upon this the court said: "We are, therefore, admonished by this clear and explicit declaration of the statute, that an acquittal upon such ground forms no bar to a trial and conviction upon a subsequent indictment for the same offense. This plain provision of the statute law of the State disposes of the plea in bar interposed by the prisoner and shows it was properly overruled."

The distinction between that case and the present lies in the fact that the defendants here dispute the ground of acquittal as expressed in the record, and insist that there was no *material* variance between the indictment and the proof. Their contention is that the learned Recorder erred in this regard, and that consequently they should now have the advantage of a general verdict of acquittal upon the merits. Whether the variance referred to was or was not material, we think the defendants cannot now be permitted to question the position which they took upon that head on the former trial. The record of that trial distinctly shows that the defendants there claimed that the variance was material; that, because of its substantial character, certain evidence offered by the people tending to show that a license had been duly issued to one Ahrens was inadmissible, and that an amendment which would let in such evidence was not within the power of the court to grant. Having requested the court to rule in their favor in these particulars, and the court having thereupon directed an acquittal upon these very grounds, they cannot now be heard to say that there was no material variance; that the evidence offered should not have been excluded upon their objection, and that the people should have been permitted to proceed with their case. In other words, they must, under such circumstances, take the acquittal as it was directed and recorded, and they cannot now be permitted to go behind the record as it was thus made up. As matter of fact, they were not acquitted upon the merits, and, as matter of law, their jeopardy ceased when the court held, at their request, that there was a material variance between the indictment and the proof offered.

The precise question does not seem to have been presented in any adjudged case, but the general principle is well settled that, in criminal as well as in civil cases, a defendant must be held to the position which he assumes, and upon which he requests and secures a favorable judgment or other personal advantage. This principle, of course, is subject to the limitation that consent cannot confer jurisdiction or waive the procedure required by the Constitution. In illustration of this general principle Mr. Bishop says (1 Crim. Law [7th ed.], § 1000) that, "When the indictment is good, yet the court, supposing it not good, erroneously arrests judgment on the defendant's application, if the prosecutor may have this judgment of arrest reversed for the error, he cannot maintain a new indictment; because his prisoner is still in jeopardy under the old, which is liable to be revived by a reversal of the judgment of arrest. But in States where the erroneous judgment of arrest cannot be called in question, the prisoner's jeopardy has ceased, at his own request and for his own benefit, therefore he may be proceeded against anew." So in *Gerard* v. *The People* (3 Scam. [4 Ill], 364) TREAT, J., observed that, "In civil cases, parties are never permitted to assign for error decisions of the Court made at their instance, or with their consent; and we are aware of no good reason why the rule should not be applied to criminal cases, except in cases where jurisdiction is sought to be conferred on the Court by consent." And in *King* v. *The People* (5 Hun, 300) this language was used by BOARDMAN, J.: "If the irregularity was not fatal to any conviction that might be had, and the prisoner yet insisted upon the defect and objected to further proceedings upon the trial, that was equivalent to asking for the discharge of the jury and consenting thereto. The general opinion is that the consent of the prisoner to the discharge of the jury will obviate any objection founded on his constitutional privilege." (See, also, *People* v. *Casborus*, 13 Johns., 351; *Croft* v. *The People*, 15 Hun, 486, 487; *Commonwealth* v. *Guild*, 12 Gray, 171.) We think, therefore, that the plea of former acquittal was properly overruled, and that the motion in arrest should have been denied.

The other question raised upon this appeal, namely, whether the indictment states facts sufficient to constitute a crime, does not appear to have been presented upon the motion in arrest of judg-

ment. The sole question, then before the court, so far as appears, from the record, was whether the defendants had been twice put in jeopardy. We, think, however, that the facts alleged in the indictment sufficiently state a crime, within section 117 of the Penal Code, and that no special discussion on that head is required. We concur with Judge Martine in the opinion which he delivered upon overruling the demurrer interposed by the defendants to the first indictment. (See, also, *People ex rel. Welling* v. *Meakim*, 56 Hun, 626; affirmed, 123 N. Y., 660; *People* v. *Jones*, 54 Barb., 311; *People* v. *Brooks*, 1 Denio, 457.)

The order appealed from should, therefore, be reversed.

Patterson, J., concurred.

Order reversed.