## UNITED STATES OF AMERICA *v.* FOUR DIAMOND RINGS.

### April 8, 1916.

1. *Criminal law—Pleas—Former acquittal—Variance—Estoppel:* Defendant cannot plead former acquittal as res adjudicata, when such acquittal was had on his own motion for a directed verdict based on the ground of a variance between indictment and proof.

2. *Same—Material variance:* A variance in the proof as to the means used in committing a crime is a material variance. Thus, it is a variance to allege an attempt to smuggle by means of concealing jewelry upon the person and beneath the clothing, and to prove such attempt by false and fraudulent practices and statements that the smuggler had nothing in his pocket except money.

*Indictment:* Motion in arrest of judgment.

*R. W. Breckons* and *H. L. Grace* for the motion.

*H. W. Vaughan*, U. S. District Attorney, and *S. B. Kemp*, Assistant U. S. Attorney, contra.

CLEMONS, J. This is a motion in arrest of the judgment ordered by this court in its decision rendered orally on November 26, 1915, and holding that the property herein sought to be condemned as contraband under the laws against smuggling, should be condemned as prayed in the government's information.

The motion is based on the contention of "former jeopardy." And it appears that in a criminal proceeding for violation of the Tariff Act of October 3, 1913, against Lee Tai, movant here and intervenor as claimant and owner of the property condemned (No. 1100 of our criminal docket), the court ordered a directed verdict on the ground of a variance between the indictment and the proof. The proceedings were as follows:

"Mr. Breckons (attorney for defendant): Now, if the court please, there is only one thing for the defendant to do

at this stage and that is to move your Honor for a directed verdict. (Mr. Breckons argues.)

The Court (Dole, J.). I feel that the indictment is not borne out by the testimony and that the law means something different from putting the things into a regular pocket. It is unsound to regard it as a concealment beneath his clothing. If he had slipped these jewels underneath his undershirt or into his shoe, why, it would have been within the statute, but I think the point raised is sound. The law did not mean as a false practice the use of a regular pocket which one uses for his papers or his money and other things. The placing of dutiable goods in such a place would not be a false practice even. The denial of its being there, that would have been a false statement, but it is not alleged. I am impatient of technicalities and do not like to recognize them, but I believe that a man who is indicted is entitled to a strict construction of the indictment as regards testimony, so, gentlemen of the jury, I instruct you to return a verdict of acquittal."

This variance counsel now claims to be *immaterial.* If it is, the motion for directed verdict should not have been granted. But though I do not agree that the variance is immaterial, an admission that it is so does not, and should not, help the movant. He cannot "eat his cake and have it, too." And Judge Dole's "impatience of technicalities", supra, which appears in his decision in the criminal prosecution, may very reasonably and fairly be invoked against the same defendant now claimant here. See *People v. Meakim,* 61 Hun, 327, 15 N. Y. Supp. 917, affirmed 131 N. Y. 667, all judges concurring and regarding the point as so clear as not to require a written opinion. Though that case cites a statute, enacting that "if the defendant were formerly acquitted on the ground of a variance between the indictment and the proof, . . . it is not deemed an acquittal of the same offense," still the decision appears to rest on the broad ground of estoppel. See Id., 917-918, in extenso. It may be noted that the decision there was made in spite of the "insist(ance) that there was no material vari-

ance;" and that the court said, *"whether the variance was or was not material,* we think the defendants cannot now be permitted to question the position which they took upon that head on the former trial." Of course, in face of the New York constitutional provision against double jeopardy (see *King v. People,* 5 Hun, 297, 299; N. Y. const., art. 1, sec. 6), the decision cited, 15 N. Y. Supp. 917, could not— as a general proposition—hold that an immaterial variance does not prevent a second trial; for it is only to state the obvious to say that an immaterial variance is no variance. But even in spite of an immaterial variance being no variance, the court held that the party relying upon a variance at trial could not thereafter be heard to say that it was such a variance (immaterial) as was no variance. Id. See, also, *State v. Drakeford,* 78 S. E. 308 (No. Car.), holding that where the fact "that accused was discharged on a former trial at his own instance on the ground of variance between the name of prosecutrix as alleged and proved, was not former jeopardy so as to bar a subsequent prosecution." Syllabus, par. 2.

[2] But, in any event, the variance here was material The indictment alleged an attempt to smuggle "by means of concealing the said jewelry upon his person and beneath his clothing," while the testimony offered as to the "means" used, was (to use the language of the information now before the court) of "certain false and fraudulent practices and statements . . . that he, the said Lee Tai, had nothing in his pocket except money." That an allegation as to the means used in committing the crime, is a material allegation, a matter of substance, see *Stone v. State,* 115 Ala., 121; 22 So. 275; 22 Enc. Pl. & Pr., 579, also 584. And see 12 Cyc. 266-267. Other suggestive cases are: *United States v. Aurandt,* 107 Pac. 1064, 1067, citing Cooley's Constitutional Limitations, 328; *Reynolds v. State,* 124 S. W. 931, and as favoring the movant, *Burch v. State,* 61 S. E. 503.

"The application of the plea of former jeopardy has suffered continual modification since it first arose as a plea at common law." Chatfield, J., in *United States v. Rogoff*, 163 Fed 311, 312. And though one may at first realize no little difficulty in determining what is "double jeopardy" (see *United States v. Ah Poi*, ante, p. 607), yet the court cannot resist the justified tendency to regard questions of jeopardy with the same freedom from over-technicality now fast becoming the general rule in criminal cases. See language of Day, J., in *Garland v. Washington*, 232 U. S., 642, 646-647.

As disposing of any possible argument, that the mere false statement was not an offense, see *United States v. A Lot of Silk Goods*, ante, p. 113, 213 Treasury Decisions, 31 (T. D. 33019).

The motion in arrest of judgment is denied.