THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS WEINER, Appellant, v. THE WARDEN OF THE CITY PRISON, KINGS COUNTY, Respondent.*

Second Department, December 2, 1932.

K. *Henry Rosenberg* [*Pauline Teitelbaum* with him on the brief], for the appellant.

*Ralph K. Jacobs, Assistant District Attorney* [*William F. X. Geoghan, District Attorney*, with him on the brief], for the respondent.

PER CURIAM. The magistrate, in our opinion, erred in limiting the commission of the offense to October 2, 1931. The complaint was replete with specifications of dates and places ranging from August 31, 1931, to September 22, 1931. The reading by the magistrate that the complaint charged the relator with being a vagrant only on October 2, 1931, because the complaint, sworn to on that date, stated that the relator " is " a vagrant, ignored the body of the complaint which abundantly charged the numerous dates covering the relator's offense or offenses. At any rate, the present second complaint, while varying from the former one only in the use of the past tense, that relator " was " a vagrant, instead of the present tense, " is " a vagrant, is in all material respects the same as the former complaint. But the disposition made by the magistrate on the trial of the first complaint was the result of the relator's insistence that the proof worked a fatal variance of the charge, and that all of the testimony of the many dates preceding October 2, 1931, on which the relator was proved with having offended, was incompetent under the written charge if limited (as it was by the magistrate) to the date of October 2, 1931. The relator, having contended successfully before the magistrate that the first complaint merely charged him with being a vagrant on one isolated date, namely, October 2, 1931, and having obtained a ruling on that point in his favor, cannot now be heard to contend that the first complaint charged him with the commission not only of the offense on October 2, 1931, but also of the offense for the entire period from August 31, 1931, to September 22, 1931. The People are, therefore, not precluded from trying the relator on the offenses which they allege he committed during the period above mentioned. In *People* v. *Meakim* (61 Hun, 327; affd., 133 N. Y. 214) there was a jury finding that the defendant was " not guilty on the ground of variance between the proof and the indictment," and upon a subsequent indictment it was held, because of the defendant's

own position that there was a variance, that he was not entitled to a holding that the trial was one upon the merits so as to be a bar to a subsequent indictment. Judge BARRETT, writing for the General Term, First Department (61 Hun, 329, 330), said: " Having requested the court to rule in their favor in these particulars, and the court having thereupon directed an acquittal upon these very grounds, they cannot now be heard to say that there was no material variance; that the evidence offered should not have been excluded upon their objection, and that the people should have been permitted to proceed with their case. In other words, they must, under such circumstances, take the acquittal as it was directed and recorded, and they cannot now be permitted to go behind the record as it was thus made up. As matter of fact, they were not acquitted upon the merits, and, as matter of law, their jeopardy ceased when the court held, *at their request*, that there was a material variance between the indictment and the proof offered. The precise question does not seem to have been presented in any adjudged case, but the general principle is well settled that, in criminal as well as in civil cases, a defendant must be held to the position which he assumes, and upon which he requests and secures a favorable judgment or other personal advantage."

This view was approved and followed in *Salta* v. *United States* (44 F. [2d] 752), where it was said (p. 753): " Furthermore, the order of the court at the former trial directing a verdict for the defendant was based upon the ground, assigned in the defendant's motion, of a material variance in the proof, viz., that the allegation in the former indictment of a sale to Blake was material and must be proved as charged, and that the evidence only supported a sale to Caverly. This being so, the defendant cannot now in support of his plea of former acquittal maintain that the variance was not material. *People* v. *Meakim*, 61 Hun, 327; 15 N. Y. S. 917. See, also, *Trono* v. *United States*, 199 U. S. 521, 533, 534, 26 S. Ct. 121, 50 L. Ed. 292, 4 Ann. Cas. 773."

Here the relator was successful in having it determined on the trial that the complaint did not charge him with any offense other than such acts of vagrancy as might have been committed by him on October 2, 1931. He was discharged on that basis. He cannot now play fast and loose and avoid a trial on the merits as to the other offenses with which he is now charged *by contending that he and the magistrate were wrong in the first instance*. The record before us is clear that the relator succeeded in having a favorable disposition of his claim that he was not a vagrant on the precise date of October 2, 1931, only; and that is all that the determination imported.

The general principle is stated in 8 Ruling Case Law, page 141, viz.: " In the case of an indictment which is not void but merely defective in some immaterial matter, so that a valid and legal conviction could have been procured on it notwithstanding the defect, an acquittal may be pleaded in bar of a subsequent indictment for the same offense, because the trial will be presumed to to have been on the merits. But if an acquittal is secured under a decision of the court sustaining the defendant's objection to the indictment, such acquittal will not bar further proceedings, whether the indictment was as matter of law sufficient to sustain a conviction or not, because the defendant having procured a decision that the indictment is insufficient will not afterwards be permitted to assert that it was sufficient."

Or, as more succinctly stated in Bishop's Criminal Law ([8th ed.] vol. 1, § 1027, subd. 4, pp. 616, 617): " Where, at any stage of the proceedings, the defendant procures the indictment to be quashed, he cannot in bar to a new one assert that the first was good, and he was in jeopardy under it."

·The order dismissing the writ of habeas corpus should be affirmed.

Present — LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and TOMPKINS, JJ.

Order dismissing writ of habeas corpus unanimously affirmed.