THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE MOORE, JR., Respondent, *v.* WILLIAM HUNT, as Warden of Attica State Prison, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, November 10, 1939.

*John J. Bennett, Jr., Attorney-General [Irene O'Sullivan* and *James P. Cotter, Assistant Attorneys-General,* of counsel], for the appellant.

*Lester J. Berlove,* for the relator.

Order affirmed, without costs, on the opinion of CONABLE, J., at the Special Term of the County Court.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

The opinion of the county judge follows:

CONABLE, J. The relator was indicted by the grand jury of the county of Monroe February 5, 1937, for the crime of grand larceny, second degree. On the same day he was arraigned in the Monroe County Court and plead guilty as charged. On February 16, 1937, an information was filed by the district attorney charging him with having been previously convicted of a felony. He admitted being the same person so convicted and on the same day was sentenced to imprisonment in the Attica State Prison for an indeterminate term of not less than five nor more than ten years. He has obtained this writ of habeas corpus claiming that at the time of his arraignment he was not informed of his right to counsel and was not asked by the court whether he desired the aid of counsel as required by section 308 of the Code of Criminal Procedure. He asserts that for this reason the County Court of Monroe county was without jurisdiction to arraign him, to accept his plea of guilty, or to pronounce sentence upon him and that the judgment of conviction is void.

Not infrequently claims similar to this have been made by relators who have appeared in habeas corpus proceedings in this court over the past several years. In all of such cases, as I recall, the writs have been dismissed because it has invariably appeared from the records of the sentencing court that the formality of the statute had been complied with. It has been uniformly held that the records of a court of record are not subject to collateral attack in habeas corpus proceedings. (*People ex rel. Price* v. *Hayes*, 151 App. Div. 561; *People ex rel. Hubert* v. *Kaiser*, 150 id. 541; affd., 206 N. Y. 46, and other such cases.)

The record in this case in my judgment presents a somewhat different situation, at least raising a very serious question as to the jurisdiction of the court.

The certified copy of the record of conviction attached to the return shows that the record was made upon a printed form in which numerous blank lines were left to be filled out with recitals applicable to various cases. Some of the blank lines were filled out and others, relating to subjects evidently not considered applicable, were left blank. After the caption and the recital of the indictment of relator, the following appears, the words in italic

being those written into the blanks and the words not in italic being those printed on the form:

" The defendant having been brought into Court for arraignment on the *5th* day of *February, 1937* was asked if he desired the aid of counsel, to which he answered....................and the said defendant was thereupon arraigned upon the indictment, to which he pleads that he is guilty *Grand Larc. 2nd D*.......
On the......day of..........192.., defendant................
changed plea to guilty............whereupon the Court appoints the......day of..............192.., for trial. Defendant was thereupon tried and on..........192.., was convicted of.........
*On February 16, 1937, an information was read to Defendant in open Court by Ass't. Dist. Atty. Micheli charging the Defendant with having been previously convicted of a felony. Defendant admitted being the same person so convicted, whereupon the Court appoints the 16 day of February 1937 for pronouncing judgment.*"

Here follow other provisions written upon the blank form, parts of which have been filled out and some of which have not been filled out. The inappropriate parts of the printing appearing in the blank have not been crossed out.

The serious question arises whether the printed recital, " was asked if he desired the aid of counsel, to which he answered ..........," is sufficiently complete and definite so that it must be accepted as a conclusive record of the court that the relator was so asked.

In this connection there is attached to the petition an opinion of the sentencing county judge which I believe is entitled to consideration as bearing upon the meaning of the record of conviction quoted from above. This opinion signed by the county judge was written upon the denial by him of a motion in Monroe County Court to vacate the judgment, made upon the same ground urged by relator in this proceeding. The opinion contains the following:
" What is claimed in the moving papers is that upon arraignment the defendant was not asked if he desired counsel and no counsel was assigned to him. Doubtless this was true, as it has been [the] invariable custom to assign counsel only when the defendant pleaded not guilty, as, obviously, it is only upon a plea of not guilty that the defendant requires a defense." It further compares the provisions of sections 308 and 188 of the Code of Criminal Procedure, and concludes, as I take it, that a prisoner is not entitled to be informed of his right to counsel upon arraignment after indictment, but only when he is taken before a magistrate after arrest. In the light of this opinion of the sentencing judge it seems to me that it is proper to find that the part of the record of conviction

which reads " was asked if he desired the aid of counsel, to which he answered '...........," was considered inapplicable because the defendant did not desire a trial. It is not necessarily of greater authority as a record of the court than the other printed parts of the blank which were clearly not relevant to this case and likewise were not stricken out.

The relator has traversed the return. Upon the hearing he was sworn and testified, without objection, that he was not represented by counsel when he was arraigned, that he was not asked whether he desired the aid of counsel, was not warned of his right to counsel. He was not cross-examined.

Upon this record it seems to me that it is proper to hold that this relator was arraigned in the Monroe County Court on the day when he was indicted, and that he plead guilty to grand larceny in the second degree, a felony, without counsel, without being asked by the court whether he desired the aid of counsel and without being informed of his right to counsel.

Section 6 of article 1 of the Constitution of the State of New York provides that, in any trial in any court whatever, the party accused shall be allowed to appear and defend in person and with counsel as in civil actions. It further provides that no person shall be deprived of life, liberty or property without due process of law.

The Sixth Amendment of the United States Constitution provides that in all criminal cases the accused shall have the assistance of counsel for his defense.

The Fourteenth Amendment of the United States Constitution provides that no State shall deprive any person of life, liberty or property without due process of law.

Section 308 of the Code of Criminal Procedure of the State of New York carries the caption " Defendant appearing for arraignment without counsel to be informed of his right to counsel." The section provides in part as follows: " If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel."

Section 8 of the Code of Criminal Procedure provides in part as follows: " In a criminal action the defendant is entitled  *  *  * 2. To be allowed counsel as in civil actions, or he may appear and defend in person and with counsel."

Section 188 of the Code of Criminal Procedure provides: " When the defendant is brought before a magistrate upon an arrest either with or without warrant on a charge of having committed a crime, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had."

While section 188 by its terms applies only to hearings before magistrates, it is a codification of the rule at common law. (See *People* v. *Molineux*, 168 N. Y. 264, at p. 331, citing *People* v. *Mondon*, 103 id. 211.) It is held in these cases that the provisions of section 188 apply to the rights of a person accused of crime who is brought for examination before a coroner.

While section 308, except in the heading, does not specifically state that a person who has been indicted and appears for arraignment without counsel shall be informed of his right to counsel, it would nevertheless seem that such would be the requirement at common law. It might be argued that it should be assumed that section 188 had already been complied with before the indictment of defendant and when he was brought before the magistrate, and that it would be unnecessary to again inform him of his right to counsel at the time of his arraignment. This does not follow. In many cases indictments are found before arrest and defendants are brought up for arraignment upon indictments without ever having been before any examining magistrate.

It seems to me clear that the defendant is entitled to be informed of his right to counsel upon arraignment just as absolutely as at any other step of the proceedings. Certainly for a defendant his plea is or may be the most critical step in the whole matter. I see no reason why the substance of section 188 of the Code of Criminal Procedure, so far as it directs that the defendant be informed of his right to the aid of counsel, should not be held to apply to his arraignment before a court after indictment as well as to the proceedings before a magistrate or a coroner.

It has been held that a prisoner confined in jail is entitled to consult with his attorney prior to the trial in order to prepare for it. (*People ex rel. Burgess* v. *Risley*, 66 How. Pr. 67, cited in *Powell* v. *Alabama*, 287 U. S. 57.)

The question of the right to counsel is exhaustively discussed in the so-called *Scottsboro* cases (*Powell* v. *Alabama, supra*). It was there held to be error for the trial court to fail to definitely assign counsel to defendants until the very morning of the trial, that a trial held under such circumstances did not constitute due process of law under the Fourteenth Amendment to the United States Constitution. The court, however, limited this decision to a capital case where the particular circumstances prevailed which were there under discussion.

The recent case of *Johnson* v. *Zerbst* (304 U. S. 458) seems to me decisive of the most serious question in this matter, namely, does failure to inform a defendant of his right to counsel deprive the court of jurisdiction to proceed, or is it merely error available

only on appeal. The case of *Johnson* v. *Zerbst* came up upon a writ of certiorari to review an order dismissing a writ of habeas corpus. In that case the relator had been convicted of feloniously uttering counterfeit money. He was tried, convicted and sentenced without counsel. The District Court had held that the petitioner could not obtain relief by habeas corpus, stating, " It is unfortunate if petitioners lost their right to a new trial through their ignorance or negligence, but such misfortune cannot give this court jurisdiction in a habeas corpus case to review and correct the errors complained of." (*Johnson* v. *Aberhold*, 13 F. Supp. 253; *Johnson* v. *Zerbst*, affd., 92 F. [2d] 748.) The District Court was reversed and the proceeding remanded. Justice BLACK, in an opinion concurred in by the majority of the court, writes: " Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a Federal court's authority to deprive an accused of his life or liberty. When this right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. * * * The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus. A judge of the United States — to whom a petition for habeas corpus is addressed — should be alert to examine ' the facts for himself when if true as alleged they make the trial absolutely void.'

" It must be remembered, however, that a judgment can not be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ.

" In this case, petitioner was convicted without enjoying the assistance of counsel. Believing habeas corpus was not an available

remedy, the District Court below made no findings as to waiver by petitioner. In this state of the record we deem it necessary to remand the cause. If — on remand — the District Court finds from all of the evidence that petitioner has sustained the burden of proof resting upon him and that he did not competently and intelligently waive his right to counsel, it will follow that the trial court did not have jurisdiction to proceed to judgment and conviction of petitioner, and he will therefore be entitled to have his petition granted. If petitioner fails to sustain this burden, he is not entitled to the writ.''

The important question remains of whether the relator in this case did competently and intelligently waive the constitutional requirements that he be informed of his right to counsel and of his right to be represented by counsel. We have here entertained the writ and hold it to be an available remedy. Evidence has been taken as to the procedure of the Monroe County Court. The respondent relies upon relator's plea of guilty, in connection with the fact that he had previously been convicted of crime, as proof that he did intelligently and competently waive his constitutional rights.

From the authorities cited above I have reached the conclusion that the Monroe County Court was without jurisdiction to proceed with the arraignment or accept a plea without informing relator of his right to counsel. If this conclusion is correct, it seems to me to necessarily follow that a plea of guilty could not logically be taken as a waiver of the constitutional requirement that he be informed of his right to counsel.

It is true that relator had once before been convicted of a crime. It is true also that his testimony here contains no statement that he was in fact ignorant of his right to counsel. It may be said that it should, therefore, be presumed that he did in fact know of his right to counsel. This, however, is the very presumption which the law says may not be indulged, when it prescribes that a defendant accused of crime must be informed of his right to counsel at all stages of the proceeding. Also it must be remembered that the defendant was a layman brought before the County Court immediately after his indictment and that the court and surroundings were new to him at least so far as this charge was concerned, and further that he was before a court which itself did not believe he was entitled to counsel under the circumstances there prevailing.

For the reasons above stated an order should be entered that the relator be remanded to the sheriff of Monroe county to be held for further proceedings under the indictment there on file charging him with grand larceny in the second degree.