THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACOB BERNOFF, Relator, against J. VERNEL JACKSON, as Warden of Clinton Prison, Defendant.*

County Court, Clinton County, January 12, 1945.

---

\* See, also, *People ex rel. Aiello v. Snyder*, 184 Misc. 216, but cf. *People ex rel. Martine v. Hunt*, 294 N. Y. 651.— [REP.

*Harold A. Jerry* and *Daniel H. Riesner* for relator.

*Nathaniel L. Goldstein, Attorney-General* (*Robert C. Booth* and *Ferdinand J. Wolf, Assistant District Attorney, New York County,* of counsel), for defendant.

O'CONNELL, J. The relator Jacob Bernoff, through a writ of habeas corpus returnable before me on November 6, 1944, but not argued until November 24, 1944, sought relief. He was indicted by the Grand Jury of the County of Kings on March 22, 1923, for the crimes of burglary in the third degree, petit larceny and criminally receiving stolen property in the second degree. On that same day he was arraigned and pleaded guilty to unlawful entry. He had no counsel and was then sixteen years of age. Subsequently and in 1925 relator was again convicted of possession of a revolver. For that crime, due to his previous conviction, he was sentenced as a felony offender. Again in 1942 the relator was convicted of felony and sentenced then as a second offender to a term of fifteen to thirty years' imprisonment. He is now confined in Clinton Prison, Dannemora, N. Y., serving this last sentence. For the first time relator now contends that on March 22, 1923, at the time of his arraignment and plea, he was not advised of his right to counsel nor was he advised by the court of his right to the aid of counsel, as required by section 308 of the Code of Criminal Procedure, and due to this fact Kings County Court was without jurisdiction to arraign him, to accept a plea or to pronounce sentence upon him and that the judgment of conviction was a nullity and void. In this respect, if relator's contention is correct, the revolver conviction, heretofore referred to, would have been but a misdemeanor conviction (Penal Law, § 1897, subd. 1) and his conviction in 1942 would have been as a first felony offender and he would have been sentenced under section 2189 of the Penal Law rather than under section 1941 of the Penal Law as a second felony offender.

The defendant Warden sought dismissal of relator's writ claiming that even though the 1923 conviction was marred by deprivation of constitutional rights to due process of law, that question must be raised by a proceeding analogous to the common-law writ of *coram nobis*. The defendant further contended that there was always a presumption of jurisdiction and regularity in such matters as were raised by the relator. In this last contention, I agree but feel the relator, nevertheless, may impeach the validity by showing lack of jurisdiction. The

burden to do this of course must rest on the relator. I have examined a number of cases similar to this, where writs have been dismissed but invariably, in those cases, it appeared from the records of the sentencing court that the formality of the statute had been complied with. Such records, therefore, were not subject to collateral attack in habeas corpus proceedings. (*People ex rel. Price* v. *Hayes*, 151 App. Div. 561; *People ex rel. Hubert* v. *Kaiser*, 150 App. Div. 541, affd. 206 N. Y. 46.) On the record as it is now before me, I do not agree with defendant Warden that relator must raise this question by a writ of *coram nobis* and not by habeas corpus. I believe a writ of habeas corpus is always available to raise the question of jurisdiction or power in the court which rendered the judgment (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559; *People ex rel. Frey* v. *The Warden, etc., et al.*, 100 N. Y. 20; *People ex rel. Battista* v. *Christian*, 249 N. Y. 314) this being true even though jurisdiction was not raised at the trial. (*People ex rel. Scharff* v. *Frost*, 198, N. Y. 110.)

Relator's Exhibit No. 1, a photostatic copy of the indictment filed in the office of the Clerk of the County of Kings, on March 22, 1923, shows on the back thereof, what is apparently a printed form used in all indictments. Blank spaces are left thereon, to be filled out by the one in authority, presumably the clerk of the court. On this exhibit some spaces were filled in and others left blank: relator's age, his address, occupation, education, religion, parent and the fact that he had never before been convicted of any crime. Opposite the printed matter "Counsel assigned — Yes No" — no check or marking is contained thereon. Relator has attached to his petition for the writ issued to him an affidavit of the sentencing judge, in which among other things the judge states: "That I have caused a search to be made of the Court's records and the Clerk's minutes of the County Court Part I on that morning and I find that I took a number of pleas among them the defendant Jacob Bernoff. The record does not disclose that he was told by the Court that he was entitled to be represented by counsel, and have legal advice of every stage of the proceedings. It was usually my custom to state to the defendants the above but in this instance it appears from the record of the Court and the Clerk's minutes that I did not. There was quite a large arraignment list that morning of indictments returned by the Grand Jury and possibly at that time, busy with other matters that were before me, I did not advise the defendant of his rights". With Relator's Exhibit No. 1 already referred to, his verified petition

and the sentencing judge's affidavit, I hold that the relator has overcome the presumption of jurisdiction and regularity. I hold too that relator has sufficiently met the burden by a preponderance of evidence that he neither had counsel on March 22, 1923, nor was he on that date advised of his constitutional rights. (N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 8, 188, 308; *People ex rel. Moore* v. *Hunt,* 258 App. Div. 24.)

I have examined the cases cited in defendant's memorandum to me wherein he argues the writ of habeas corpus does not lie against the found judgment. Defendant particularly laid stress on *Matter of Morhous* v. *N. Y. Supreme Court* (293 N. Y. 131) and *Matter of Lyons* v. *Goldstein* (290 N. Y. 19). I do not believe any of the cases cited show, as does this one before me, that the court was without jurisdiction, on the record, to arraign, accept a plea or to pronounce sentence upon the respective defendant, therein. As recently as January, 1944, in *People* v. *McLaughlin* (291 N. Y. 48), *People ex rel. Moore* v. *Hunt* (*supra*) was cited with approval by the Court of Appeals. In the *McLaughlin* case the court held a defendant must be protected by the trial judge and such right was denied to a defendant unless he had a reasonable time to procure counsel. (In the matter before me, a sixteen-year-old boy was arraigned on the day of the finding of the indictment and pleaded without even being advised of his right to counsel, let alone having one, to aid him in the unfortunate circumstance he then found himself to be in.) The defendant then appealed and by his appeal his constitutional rights were protected. In the decision by the Court of Appeals, the case of *People ex rel. Moore* v. *Hunt* (*supra*) was cited with approval. Neither *Matter of Morhous* v. *N. Y. Supreme Court* (*supra*) nor *Matter of Lyons* v. *Goldstein* (*supra*) cited by the defendant, in my opinion, is in point here. In each case the trial court had undisputable jurisdiction. In the *Morhous* case, after conviction, the defendant applied for a writ of habeas corpus claiming his conviction was obtained by perjured testimony knowingly used by the prosecution and that certain testimony in his favor had been suppressed by the prosecution. The *Goldstein* case was in a measure similar. *Jurisdiction to arraign, plead and pronounce sentence was not an issue as is here.* No court or officer can acquire jurisdiction by the mere assertion of it. Defendant has argued that *People ex rel. Montagno* v. *Morhous* (292 N. Y. 678) is direct authority for the dismissal of this writ. While the facts there are very similar and more in point than any other case called to my attention, I, nevertheless, feel it is

readily distinguishable from the matter here. Montagno claimed he was not informed of his right to counsel at the time of his plea and sentence. He had been sentenced in 1932 and sought relief by habeas corpus in 1943. The record there indicated the Special Term held against relator because he did not overcome the presumption of regularity (case on appeal, pp. 60, 61). The record there also indicated Montagno did have a lawyer and further that subsequent to his incarceration following his conviction in 1932 when he met the parole board he made reference to this fact. The respondent there also had before the court an affidavit by the clerk of the court wherein he stated " it was the customary practice for the Clerk, in the presence of the Court, to advise each and every defendant arraigned of his right to have counsel prior to making a plea to the charge against him, and that on the 9th day of March, 1932 each and every defendant arraigned was so advised before his plea was offered or accepted by the Court." *No such situation exists insofar as either the relator or defendant here is concerned.*

I find the unlawful entry conviction of 1923 in Kings County Court to be void because of the failure of the court to assign counsel to the relator or to advise him of his right thereto. I also find that relator's conviction in 1925, in the Court of General Sessions of New York County of criminally carrying a pistol after conviction of a crime (unlawful entry) to be void because relator had not previously thereto been convicted of a crime. The 1925 conviction, under my holding here, could have been but for a misdemeanor rather than a felony. The relator has already served the full sentence imposed by the court in 1925 for that conviction. His conviction of May 1, 1942, for extortion made him, by my decision here, a first felony offender so that he should have been sentenced as such pursuant to section 2189 of the Penal Law. He is not now entitled to release from prison as sufficient time has not elapsed from his incarceration date even though he had been sentenced as a first offender.

For the reason herein stated, the writ must be dismissed and the relator Jacob Bernoff, be remanded to the custody of the defendant who shall forthwith return him to the Court of General Sessions of New York County for resentencing as a first offender by reason of his conviction of May 1, 1942, for the crime of extortion.

Submit order.