Fourth Department, July, 1948.

(July 8, 1948.)

In the Matter of Methodi Bojinoff, Appellant, against The People of the State of New York, Respondent.

*Order affirmed; without costs of this appeal to either party.*

Larkin, J. (dissenting). The defendant, who was sixteen years of age November 1, 1935, pleaded guilty in the Monroe County Court, in January, 1936, to an indictment charging him with grand larceny, second degree, because of the theft of an automobile. He appeared without counsel and none was assigned. Sentence was suspended. In June, 1936, he was arraigned upon another indictment charging grand larceny, second degree, for the theft of an automobile in May, 1936. Again appearing without counsel and none being assigned, he pleaded guilty. Before sentence, on the June conviction, an information was filed and read to him charging the previous conviction in the preceding January, which defendant admitted. The court thereupon revoked the suspension of the January sentence and sentenced him apparently under the June, 1936, judgment to the Elmira Reformatory. Thereafter in June, 1938, the defendant was again arraigned in the Monroe County Court charged with the crime of grand larceny, second degree. This time he appeared with counsel and apparently entered a plea of not guilty to the indictment on arraignment. On the 17th of June, 1938, appearing with his counsel, he changed his plea from not guilty to guilty of grand larceny, second degree. On the 27th of June, 1938, he appeared for sentence. An information charging him with the two previous convictions in 1936, which he admitted, was filed and read to him. He was then sentenced as a second offender to Attica Prison for an indeterminate term of not less than five nor more than ten years. While on parole from Attica Prison, under the conviction of 1938, he, in 1944, made application to the Monroe County Court to vacate the two 1936 convictions. The basis of this application was that he was not informed of his right to counsel as required by section 308 of the Code of Criminal Procedure, although upon each occasion in 1936 when judgment was pronounced, the printed form record of the judgment recited as to each arraignment that "defendant * * * was asked if he desired the aid of counsel, to which he answered ...... and the said defendant was thereupon arraigned upon the indictment to which he pleads that he was Guilty G. L. 2nd D." The County Court denied the application. In its decision it was determined that defendant's affidavit, denying that he was informed of the right to counsel, did not overcome the presumption of regularity attaching to the judgments. The court found, that on each arraignment in 1936, defendant was asked if he desired counsel. This finding was based on this incomplete record of the judgment which disclosed no answer by the defendant. No leave was granted to renew the motion. Thereafter in 1947, the defendant, then being confined in Attica Prison under the June, 1938, conviction, made another application to vacate the two 1936 convictions. This time he supported his own affidavit with the affidavits of one of the clerks of the Monroe County Court and that of the administrative clerk in the office of the Monroe County District Attorney. Both of these affidavits fairly well corroborate the defend-

ant's claim that he was not advised of his right to counsel, and did not have counsel at the time he pleaded guilty in January and June, 1936. The County Judge who made the two 1936 judgments of conviction was the same County Judge whose judgment of conviction was involved in *People ex rel. Moore* v. *Hunt* (258 App. Div. 24) and from whose prior opinion there is an excerpt quoted in the opinion in the *Moore* case (*supra*). The Monroe County Court dismissed on May 8, 1947, the present application upon the ground that the order of Monroe County Court in 1944 which dismissed the similar application of the defendant was *res judicata*. From the order of dismissal an appeal, now authorized by the 1947 amendments of the Code of Criminal Procedure, was taken to this court.

In support of the order of May 12, 1947, from which defendant has appealed, the respondent relies heavily on *Gayes* v. *New York* (332 U. S. 145). It is true that this decision of the United States Supreme Court reviewed a conviction of the Monroe County Court where the same infirmity was advanced by Gayes as a reason for vacating the judgment of conviction. The respondent, herein, insists that that decision is determinative of this appeal. With that contention, we do not agree. Its effect, it is true, is to hold that insofar as due process was concerned, Gayes presented no question requiring the Supreme Court of the United States to determine whether his rights under the Federal Constitution had been violated. The Constitution of the State of New York has always contained a due process clause. Since at least 1881, section 308 of the Code of Criminal Procedure has, in terms, required that if a defendant appear for arraignment without counsel, he must be asked if he desires the aid of counsel, and if he does, the court must assign counsel. For now, more than sixty-seven years at least, this same requirement has been in existence and is found in section 308 of the Code of Criminal Procedure. Taking the view then that section 308 may be deemed a declaration of public policy by the Legislature as to what constitutes due process under the New York State Constitution, it follows that it is for the courts of the State of New York to construe this code provision. Therefore *Gayes* v. *New York* (*supra*) cannot be treated as determinative of this appeal. Moreover, it is important to note that the opinion in the *Gayes* case was actually the opinion of but four of the majority since the other one of the majority concurred in the result only. The opinion written for the majority discloses that Gayes was asked if he needed counsel before pleading to the indictment and that he replied in the negative. It might well be that this would be a substantial compliance with either the Federal or New York requirement as to due process..

Passing then to the merits of the application, we are satisfied from our examination of this record that on the 1947 application, the defendant almost conclusively established that he was not represented by counsel and was not advised of his right to counsel before pleading guilty to either of the 1936 indictments. In that respect, at least, there is a clear distinction from the situation disclosed by the record in the *Gayes* case.

Neither do we believe that the defendant's procedure was unauthorized. Although if the opinion of the majority of the Supreme Court of the United States in the *Gayes* case (*supra*) is followed, it would seem that the question of violation of the constitutional right of this defendant would not be presented by the present application. While it is true that we are not cited nor are we cognizant of any decision of the Court of Appeals directly approving the procedure adopted by the defendant herein, still the opinions in cases where a defendant adjudged a second offender by reason of prior convictions in which he

claimed some infirmity not disclosed by the record, seem to indicate that the remedy for such a defendant is to apply to the court of original jurisdiction which made the judgment which he claims to be void, to vacate it. That course, as far as we are cognizant, has been uniformly followed in situations similar to the present one. It would seem to follow then that this defendant was justified in adopting the present procedure, viz., attacking the underlying conviction first before seeking relief against the conviction under which he was held, and by which he had been adjudged a second offender. At least we feel that that course should be adopted by us until our own Court of Appeals condemns that procedure.

Nor do we believe that the failure of this defendant expressly to show prejudice by reason of the court's failure in 1936 to advise him of his right to counsel precludes granting him relief on this motion. Even conceding that presence or absence of prejudice enters into the determination of such a question as is here presented, and conceding further that there may be situations where it can be found, in the absence of an express showing to the contrary, that no prejudice resulted through failure to advise the defendant of his right to counsel, still in this case, it would seem that prejudice could be implied. This defendant, at the time he pleaded guilty to these two indictments in 1936, had just passed his sixteenth birthday. Had he committed the same offenses prior to November 1, 1935, they would have been merely juvenile delinquencies under the New York law and not crimes. As to such a youthful offender, we believe that prejudice can be implied.

Nor do we believe that, because, when he pleaded guilty in 1938, to the indictment, he was represented by counsel, he could be said to have waived any infirmities in the two 1936 convictions by admitting his identity as the one so convicted. Again his age in 1936, becomes important.

We pass now to a consideration of the basis on which this application was dismissed, viz., that the order of the Monroe County Court in 1944 was *res judicata*. The 1944 order of the Monroe County Court was not a judgment. There is not and never has been the same finality to an order as to a judgment. (*Bannon* v. *Bannon*, 270 N. Y. 484.) Moreover the practice that a motion once made cannot be renewed except upon new facts occurring after the making of the order, or unless permission to renew be given by the court which denied the motion, is a very old requirement to insure orderly practice (*Mutual Life Ins. Co. of N. Y.* v. *160 East 72nd St. Corp.*, 272 App. Div. 48). It may be conceded that the proper course for this defendant to have taken was to apply to the County Court for leave to renew the motion. While technically, he shows no new facts, because the additional facts which he presents on this motion, over what he claimed to be true on the 1944 motion, are merely evidentiary, nevertheless, it would seem that had he made an application to the County Court for leave to renew, it would have been granted. Taking that view, there appears to be little doubt but that, had the question been raised at the outset on the instant application the court could and would have granted leave at that time. Moreover, it must be remembered that at the time when the 1944 application was denied, defendant had no right of appeal from the Monroe County Court order to the Supreme Court. He had that right, however, in May, 1947, when the present motion was denied. Taking that into consideration, it would seem that it would have been an abuse of discretion if he had made application to the Monroe County Court for leave to renew the motion, based upon the affidavits which he presented on this present application, to have denied him such leave. This rule of practice condemning a renewal of motion without leave,

except on new facts, long standing as it is, does not preclude this court, upon the showing made on this application, from now considering the motion on the merits.

Reaching the conclusion that the procedure adopted by the defendant was at the present time authorized procedure under the New York decisions and determining as we do, that the defendant on this motion overcame the presumption of regularity attaching to the judgments of conviction in 1936, we conclude that the motion should have been granted, and the two judgments attacked, vacated.

All concur in decision, except Larkin and Kimball, JJ., who dissent and vote for reversal and for granting the motion to vacate the judgments in an opinion by Larkin, J. Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ.

Order affirmed, without costs of this appeal to either party.