THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACOB BERNOFF, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.

Third Department, July 8, 1954.

*Maurice Edelbaum* and *Seymour Teitelbaum* for appellant.

*Nathaniel L. Goldstein, Attorney-General (William C. Robbins, Wendell P. Brown* and *Raymond B. Madden* of counsel), and *Frank S. Hogan, District Attorney (Warren S. Tenney* of counsel), for respondent.

IMRIE, J.  Relator has appealed from an order of the Special Term of the Supreme Court of Clinton County, New York, dismissing a writ of habeas corpus.  He seeks release from detention under a judgment of the Court of General Sessions, New York County, which revoked a sentence as a second felony offender and resentenced him as a first felony offender.  We will give here the chronology of events pertinent to his contentions.

In 1923 relator was convicted in Kings County Court of the crime of unlawful entry, a misdemeanor.  In 1925 he was convicted in the said Court of General Sessions of the crime of carrying a pistol in violation of section 1897 of the Penal Law which, by reason of the 1923 conviction, constituted a felony conviction.  In 1942 he was convicted in General Sessions of the crime of conspiracy and of ten crimes of extortion and was sentenced to State prison by Judge WALLACE as a second felony offender for terms aggregating not less than fifteen nor more than thirty years.

In 1946, on motion for a writ of error *coram nobis,* the Kings County Court vacated the 1923 misdemeanor conviction.  Subsequently, on the written request of his former attorney, relator was brought before Judge WALLACE in the Court of General Sessions for resentencing by reason of the vacatur of the 1923 conviction.  It was contended in his behalf that the " effect "

of the setting aside of the Kings County conviction was to reduce " automatically " the 1925 conviction to a misdemeanor, thus rendering him a first felony offender. As already stated, Judge WALLACE revoked the 1942 sentence as a second offender, resentenced him as a first offender, *nunc pro tunc* as of May 19, 1942, and halved the period of the former sentence.

His present contention is that the 1925 conviction as a felon has never been formally reduced to a misdemeanor conviction. So, he says, he is still a second offender on the record, the 1942 conviction and sentence continued valid, and his 1946 resentencing was invalid and void. In 1944 he had unsuccessfully challenged the validity of the 1942 conviction in a habeas corpus proceeding in this court. (*People ex rel. Bernoff* v. *Jackson,* 269 App. Div. 580, revg. 184 Misc. 85.)

Much of his argument on this appeal and of his citations from court decisions is irrelevant to the issue. Except for the 1923 conviction in Kings County Court, all the judgments and sentences here under consideration were in the Court of General Sessions of New York County. The Kings County conviction was set aside by that court. There is and can be no question here of collateral attack upon the judgment of another court. For example, appellant's quotation from the concurring opinion of Judge FULD in *People ex rel. Harrison* v. *Jackson* (298 N. Y. 219, 227, 228) deals only with the impropriety of challenging a Kings County Court judgment " by writ of habeas corpus *in another court.*" For comparison Judge FULD there cited this court's ruling in *People ex rel. Bernoff* v. *Jackson* (*supra*) and the subsequent action of Kings County Court vacating relator's 1923 conviction (*People* v. *Bernoff,* 61 N. Y. S. 2d 46). *People* v. *Keller* (37 N. Y. S. 2d 61), also submitted to us as authoritative, relates to the power of the Court of General Sessions to resentence as a first offender one whom it had previously sentenced as a second offender *after* Bronx County Court had corrected its record to change a felony conviction to one for misdemeanor.

There is significance in the apparent absence of cases in point as compared with the plethora of rulings barring interference by one court, not of appellate jurisdiction, with the judgments of another court. Great latitude must be allowed a court to correct its own records and judgments. At the expense of repetition, when relator came before Judge WALLACE in the Court of General Sessions in 1946, the Kings County Court had vacated its judgment resulting in his conviction as a felon in General

Sessions in 1925. Thus the first conviction no longer existed in the eye of the law. Judge WALLACE was fully advised of the situation. Relator's resentence dealt with him in his factual status as a first offender rather than in his fictional status as a second offender. The record of resentencing is a part of the same court record as is the original felony conviction. Intrinsic in it is the court's determination that the vacatur of the 1923 conviction left relator in the status of a misdemeanant rather than a felon in 1925. He was in confinement for a felony of which he was not guilty, a condition not in accord with our sense of justice. The method of correcting that condition did not invade any constitutional or statutory right or, in any reasonable view, amount to prejudice. We do not doubt the efficacy or correctness of the procedure. It would unduly exalt form over substance to take a contrary position.

Relator has reversed his field as to the invalidity of the 1942 sentence as well as to his argument in 1946 for consideration as a first offender instead of a second offender. Our law goes to great lengths in safeguarding the rights of an accused and of a prisoner. But it does not leave him, particularly if he is a competent adult and represented by capable counsel, scot-free to act upon the assumption that " sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." (*Bozza* v. *United States,* 330 U. S. 160, 166–167.) " The precise question does not seem to have been presented in any adjudged case, but the general principle is well settled that, in criminal as well as in civil cases, a defendant must be held to the position which he assumes, and upon which he requests and secures a favorable judgment or other personal advantage. This principle, of course, is subject to the limitation that consent cannot confer jurisdiction or waive the procedure required by the Constitution." (*People* v. *Meakim,* 61 Hun 327, 330, affd. 133 N. Y. 214; see, also, *People ex rel. Weiner* v. *Warden of City Prison,* 237 App. Div. 28, 30, and *People ex rel. Stevens* v. *Warden of City Prison,* 35 N. Y. S. 2d 498, 499.) " In prosecuting his former writ of error plaintiff in error voluntarily accepted the result, and it is well settled that a convicted person cannot by his own act avoid the jeopardy in which he stands, and then assert it as a bar to subsequent jeopardy." (*Murphy* v. *Massachusetts,* 177 U. S. 155, 158.)

We do not question that situations may arise in which such a rule should not be applied to its full extent. But, with respect to the resentencing in 1946, we hold that there was such a meet-

ing of minds on the proper procedure to accomplish the relief sought and such affirmative effort to that end in relator's behalf that he should be bound by his position then taken.

For the reasons stated the order should be affirmed.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order affirmed.