The People of the State of New York, Respondent, *v.* James E. Smith, Appellant.

Fourth Department, September 28, 1955.

*Albert S. Scialfo* for appellant.

*John F. Dwyer, District Attorney* (*Robert A. Burrell* of counsel), for respondent.

VAN DUSER, J. The petitioner-appellant was indicted for murder in the first degree by an Erie County Grand Jury in May of 1925. On March 12, 1926, he was apprehended in the State of Massachusetts, was returned to Buffalo on March 13, 1926, under police custody, and was placed in solitary confinement. He was not immediately arraigned. On the morning of March 17, 1926, he was interviewed by the District Attorney in his office for the first time. At that time he was informed that he was charged with murder in the first degree, that one, Robert Mann, had also been apprehended for such crime, and that Robert Mann was waiting to testify against him. At that time the appellant was advised by the District Attorney that Mann had confessed to the crime, implicating appellant, but appellant was not informed that Mann had been adjudicated insane prior to that time.

Later in the day appellant was arraigned before the then County Judge and pleaded not guilty to the charge of murder in the first degree. He entered a plea of guilty to murder in the second degree, and was thereafter, and on March 19, 1926, sentenced to prison for a term of twenty years to life. From this conviction no appeal has ever been taken.

At no time, prior to the institution of this *coram nobis* proceeding, did the appellant have counsel. He neither had counsel when he pleaded '' Not Guilty '' to the indictment charging murder in the first degree, nor when he pleaded '' Guilty '' to murder in the second degree. So much is conceded by both parties. The sole question in this proceeding is whether or not the defendant was ever advised of his '' right to counsel '' in accordance with the '' must '' requirements of our laws. (See Code Crim. Pro., §§ 188, 308, and *People ex rel. Moore* v. *Hunt*, 258 App. Div. 24.)

The People in this proceeding apparently rely upon a claim that the defendant was *aware* of his right to counsel. Such is not the vital question involved. The vital question is, was he advised of his *right* to counsel.

The People rely upon two theories. First, they claim the statements which he, the defendant, had made in the District Attorney's office, in which he stated that he was *aware* of his right to counsel, were sufficient. The two statements, to which reference has been made in the record, were admitted in evidence on this proceeding, but they were not competent, as they were not pertinent to the issue which we have here, not that he did not have counsel, not that he was aware of his right to counsel, but, whether or not the statute and his constitutional rights had been observed in the obligation upon *arraignment* of advising him of his right to counsel.

The second theory is based upon the claim that the custom of the Judge then presiding, and before whom the appellant was arraigned, and before whom the plea of guilty to murder in the second degree was taken, had an invariable '' custom and practice '' of always advising a defendant of his right to counsel. The Judge before whom this plea was taken, however, had been in office only since January 1st preceding the taking of the plea, only a month and a half in a criminal term. The courts have uniformly held that a custom relied upon to take the place of a settled principle of law must be ancient, certain, and requires time to receive universal acceptance. (*Vietor* v. *National City Bank,* 200 App. Div. 557, 571; same case, 206 App. Div. 664, affd. 237 N. Y. 538; *Duguid* v. *Edwards,* 50 Barb. 288, 295; *Matter of Gerseta Corp.* v. *Silk Assn. of America,* 220 App. Div. 293, 295; *Sipperly* v. *Stewart,* 50 Barb. 62, 68; *Dickinson* v. *Poughkeepsie,* 75 N. Y. 65, 77.) The certificate of conviction, and the records of the court, do not indicate whether or not the defendant was advised of his right to counsel. All that the clerk's minutes show is that the charge was murder in the first degree; that the '' Defendant is arraigned and pleads guilty to Murder 2nd Degree. Sentence is fixed for March 19, 1926 ''.

There is, of course, a presumption of regularity which attends a court of record, and places upon a defendant the burden of overcoming that presumption by a preponderance of the credible evidence. But once substantial evidence has been introduced by a defendant the presumption disappears, and the burden shifts to the People to prove compliance with the statutory and constitutional requirements. (*People* v. *Richetti,* 302 N. Y. 290.) In this case, in our judgment, the presumption of regularity is rebutted by the testimony of the defendant, coupled with the lack which appears in the clerk's minutes as noted above.

The '' practice and custom '' of the sentencing Judge upon which such reliance apparently has been placed by the lower

court, coupled with the admission in evidence of the incompetent statements, Exhibits No. 1 and No. 2, on the issues involved here lead us to feel that the order dismissing the petition should be reversed, and the matter resubmitted to the County Court of Erie County for rehearing upon such evidence as may be presented and as is admissible under the specific question involved here.

All concur. Present — VAUGHAN, J. P., KIMBALL, WHEELER and VAN DUSER, JJ.

Order reversed, on the law, and proceeding remitted to the Erie County Court for a rehearing.