Robert G. Main, J.
The above-named, Stanley Meadows, an inmate of Clinton Prison at Dannemora, New York, has made application for a writ of habeas corpus by his petition verified June 30,1964.
Relator states in his petition that he was convicted by a jury of Suffolk County, New York, of the crimes of robbery first degree, assault first degree, and petit larceny, and was thereupon sentenced to the prison term which he is now serving. He states that, at his trial, two confessions, together with the testimony of a police officer as to the trustworthiness and voluntariness of the confessions were received into evidence. Relying upon the recent United States Supreme Court decision in Jackson v. Denno (378 U. S. 368, decided June 22, 1964), relator contends that his constitutional rights were violated at the trial because a separate hearing in the absence of the jury upon the question of the voluntariness of the confessions was not accorded him prior to the submission of the confessions to the jury.
In our opinion, relator’s present application does not contain sufficient facts to entitle him to the issuance of a writ of habeas corpus, for he does not state that the confessions were, in fact, involuntary. He fails to inform the court how they were obtained from him. He does not state that any question of voluntariness was raised at the time of or before the offering of these confessions into evidence. Under these circumstances, we cannot at this time tell whether or not there was any necessity for a separate hearing with regard to the confessions.
However, we will pass to a more general discussion of relator’s rights in view of the Supreme Court decision above quoted.
In the case of Jackson v. Denno (supra) the majority of the United States Supreme Court struck down a long-standing and well-recognized New York rule of criminal procedure, by holding that where a disputed confession was to be introduced into evidence, there must first be a separate hearing before the court and in the absence of the jury on the question of the admissibility of the confession and that the failure to accord such a separate hearing constitutes a violation of the defendant’s constitutional rights. The majority decision is silent upon the question of *740 retrospectiveness, so that we do not know whether or not the majority intended the decision to apply to the cases of thousands of persons now in penal institutions who were convicted upon what was at the time of the conviction a proper and usual rule of procedure in New York State and in several other States. Logically, however, the new decision should be applied retrospectively for, in fairness, what applies to Jackson should also apply to Meadows.
Assuming that relator is entitled to relief, is his remedy by way of a writ of habeas corpus, as this writ has been understood and applied by the courts of the State of New York? We do not think so.
According to the decision in Jackson v. Denno (supra) relator would not now be entitled to release, nor even at this time to a new trial, but would merely be entitled to a hearing to determine whether or not his confessions used in his trial were voluntary. If one or both of them, at such a hearing, were found to be involuntary, then, and not until then, he would be entitled to a new trial or release. Under New York State law, habeas corpus is concerned with persons who are entitled to immediate release and habeas corpus proceedings are held in the court sitting in the county of incarceration. If relator should be entitled to such a hearing as outlined in Jackson v. Denno (supra), the hearing ought to be held in the court of original jurisdiction in Suffolk County, because the records of the trial, including stenographer’s notes and the witnesses to the taking of the confession, if still living, are in that locality.
In New York State, the use of the historic writ of habeas corpus has not been extended to any great degree beyond that recognized at common law. The rule has generally been that if it is apparent that an applicant for such a writ is being detained by virtue of a mandate following conviction in a court which had jurisdiction of his person and jurisdiction of the crime, habeas corpus does not lie (Matter of Morhaus v. New York Sup. Ct., 293 N. Y. 131).
True it is that the use of the writ has been extended to include a situation where the sentencing court clearly had no jurisdiction because defendant was deprived of his constitutional rights and this was clearly apparent from the record of the arraignment (People ex rel. Moore v. Hunt, 258 App. Div. 24).
It may be that the use of the writ of habeas corpus should be extended to cover the situation of Meadows who is not presently entitled to release, but, if anything, only to a hearing and who, as far as we now know, was convicted by a competent court having jurisdiction of the person and of the offense and which *741 used rules of evidence which were correct and proper at the time of the conviction. If such extension and enlargement of the use of the writ is to be made, it is not within the province of this court to do so.
The application for a writ of habeas corpus is denied.