OPINION OF THE COURT
Herbert Shapiro, J.
In this CPLR article 78 proceeding the petitioner, an attorney-at-law, seeks, in effect, a determination that duly admitted attorneys are exempt from the rules and regulations governing “Taxi Brokers” promulgated by the respondent, New York City Taxi and Limousine Commission (Commission) pursuant to Local Laws, 1984, No. 18 of City of New York.
In April 1984 the City Council of the City of New York (Council) enacted a law which added Administrative Code of the City of New York § 2325. That section, in substance, defined “taxicab broker” and provided for the licensing of such brokers, the payment of an annual license fee of $500 and the posting of a $50,000 bond.
The petitioner, an attorney admitted to practice since 1938, admits that a substantial portion of his practice involves representation of clients who are associated with the taxicab industry. He also admits that a minimal part of his practice involves acting as a broker in the selling and purchasing of taxi medallions.
He brings on this proceeding contending, inter alla, that the Council, in enacting the local law, never intended that the *999 provisions thereof were to be applicable to duly admitted attorneys. It is argued that it is the Commission that determined that attorneys were subject to the law and not the Council.
It is true that the local law does not expressly state that attorneys are included in the group defined as “taxicab brokers”. However the failure to expressly include attorneys in the covered group is not significant in reaching a determination on this aspect of the application. The group is defined in the law by conduct and not by title or other similar designation. The crucial factor in determining whether a person is in the covered group is the nature of the activities in which he or she is engaged. The test is whether the activities engaged in fit the local law definition of “taxicab broker”. If they do, then the person engaged in such activities is subject to the statute, whether he be physician, real estate broker or attorney or one licensed in any other field.
The court would agree with petitioner’s argument that the application of section 2325 to attorneys is unnecessary in view of the many disciplinary sanctions to which they are subject both by governmental and nongovernmental bodies. However, such view is of no consequence where a legislative body has seen fit, in its wisdom, to enact such legislation (Matter of Rosenthal v Hartnett, 36 NY2d 269; Nettleton Co. v Diamond, 27 NY2d 182).
Nor can this court read into the local law the exemption argued for by petitioner. The language of the legislation is clear and unambiguous and this court is bound “to give effect to the plain meaning of the words used” (Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345).
It is also urged by petitioner that the Council exceeded its powers in enacting this legislation — as it applies to attorneys — in that the State of New York has, in effect, preempted the field of attorney licensing and regulation. It is argued that to permit this local law to be held applicable to attorneys — as was determined by respondent — would, in effect, be impermissibly imposing limitations on the right to practice law.
Does the local law impermissibly interfere with an attorney’s right to practice law? It would appear that it does.
The law defines a “taxicab broker” as one “who, for another * * * acts as an agent or intermediary in negotiating the purchase or sale of a taxicab” (Administrative Code § 2325 [a]). Taking this definition at face value it is clear that no attorney could possibly represent either the buyer or seller of a taxicab without first obtaining a license from the Commission and complying with the requirements of such licensing. Is it not a commonplace function of an attorney — in the sale and purchase *1000 of any property — real or personal — to participate in negotiations of all aspects of the prospective transaction including price, terms, security and a myriad of other issues between the parties? How could an attorney, not licensed by the Commission, but requested by a client to prepare a bill of sale and a security agreement in connection with the sale of a taxicab, do so without subjecting himself or herself to both civil and criminal penalties? It would appear that he or she could not.
The question thus posed is whether the city, by local law, may impose requirements upon attorneys in limitation of their usual and normal privileges? This court concludes that it may not. As indicated, the qualifications for admission, the rules governing conduct of attorneys, the proscriptions imposed with respect to practicing law without a license are and have traditionally been regulated by the State Legislature and the courts.
Judiciary Law § 90 (2) makes it eminently clear that the regulation of conduct of attorneys — in all areas — is vested in the courts. The language is clear: “The supreme court shall have power and control over attorneys and counsellors-at-law and all persons practicing * * * law” (Judiciary Law § 90 [2]).
It is therefore the view of this court that the boundaries of permissible practice for attorneys is a matter for the State Legislature and the Supreme Court. That being so, no local legislature has the power to define new limitations on the practice of the law. If indeed there is need to impose the strictures embodied in the local law — as it affects attorneys — application for such change should be directed to the body empowered to do so; the State Legislature.
Accordingly, the court finds that Local Laws, 1984, No. 18 of the City of New York, insofar as it is being applied literally to attorneys is beyond the power of the city and therefore unenforceable as to duly licensed attorneys.
In reaching this conclusion the court is not passing upon the applicability of the law as to persons who, while they may be attorneys are in no way functioning as such but are merely acting as brokers in the literal sense of that word. The petitioner in this case — based on his uncontroverted affidavit — is not in that category.