OPINION OF THE COURT
Karla Moskowitz, J.
The New York City Department of Consumer Affairs seeks *865 for the first time to enjoin an attorney’s newspaper advertisements as deceptive and misleading to the consumer public. This is an application by plaintiffs for a temporary injunction pursuant to CPLR 6301 and section 20-703 of the Administrative Code of the City of New York to enjoin the defendant, his agents and employees, pending the determination in this action, from certain conduct, including:
"A. Continuing to make false and misleading claims in Defendant’s ads which hold out to the public that it is possible for Defendant to obtain a divorce and/or green card for a prospective client in ten (10) days when he can not [sic] do so, in violation of the Administrative Code of the City of New York, Title 20, Chapter 5, Subchapter 1, Section 20-700 et seq. of the Consumer Protection Law; and
"B. Failing to disclose in defendant’s advertisements all material facts and limitations concerning the offer to obtain a divorce and/or green card within ten (10) days, in violation of the Administrative Code of the City of New York, Title 20, Chapter 5, Subchapter 1, Section 20-700 et seq. of the Consumer Protection Law.”
Plaintiffs contend that defendant, an attorney, has caused newspaper advertisements for his legal services to be published which are deceptive in that they indicate that a divorce or immigration green card can be obtained within 10 days, through the use of the following language "Divorce, Low Fee, Possible 10 Days, Green Card” in English and, similarly, in Spanish. In the underlying action, plaintiffs seek a permanent injunction as well as damages, investigation and attorney’s fees and filing by defendant of revised advertisements.
Defendant argues that legal services can be provided rapidly in certain emergencies in divorces and offers to provide proof to the court. He denies that the advertisements represent that green cards can be obtained in 10 days. Plaintiffs argue that it is not possible for defendant to produce the advertised results so quickly. If defendant can do so, he must state the restrictions and exceptions in the ad itself. For example, "in emergency situations”, or "if you want to get remarried within two weeks”, as defendant’s secretary related in response to a telephone inquiry, or state that the other party must waive service.
Plaintiffs charge defendant with refusing to change his advertisements. Plaintiffs argue that injunctive relief barring such advertisements is appropriate under the authority given *866 the plaintiff, City of New York (the City), and the plaintiff, Commissioner of the Department of Consumer Affairs of the City of New York (the Department), under the locally adopted Consumer Protection Law (Administrative Code of City of New York, tit 20, ch 5, subch 1). Defendant disputes this authority and argues that the Consumer Protection Law does not apply to attorneys. Instead, defendant asserts that the Judiciary Law of New York State preempts and solely regulates the conduct of advertising by attorneys.
Consumer Protection Law § 20-700 provides: "No person shall engage in any deceptive or unconscionable trade practice in the sale, lease, rental or loan * * * of any consumer goods or services, or in the collection of consumer debts.”
Consumer Protection Law § 20-701 (a) defines deceptive trade practice, in relevant part, as: "Any false, falsely disparaging, or misleading * * * written statement, visual description or other representation of any kind made in connection with * * * the offering for sale, lease, rental, or loan of consumer goods or services, or in the extension of consumer credit or in the collection of consumer debts, which has the capacity, tendency or effect of deceiving or misleading consumers. Deceptive trade practices include but are not limited to * * * (2) the use, in any oral or written representation, of exaggeration, innuendo or ambiguity as to a material fact or failure to state a material fact if such use deceives or tends to deceive * * * (4) offering goods or services with intent not to sell them as offered”.
Consumer Protection Law § 20-701 (b) defines unconscionable trade practice, in relevant part, as: "Any act or practice in connection with the sale, lease, rental or loan or in connection with the offering for sale, lease, rental or loan of any consumer goods or services, or in the extension of consumer credit, or in the collection of consumer debts which unfairly takes advantage of the lack of knowledge, ability, experience or capacity of a consumer; or results in a gross disparity between the value received by a consumer and the price paid, to the consumer’s detriment”.
Consumer Protection Law § 20-701 (c) defines "Consumer goods, services, credit and debts” as "goods, services, credit and debts which are primarily for personal, household or family purposes.” Subdivision (d) defines "Consumer” as a "purchaser or lessee or prospective purchaser or lessee of the consumer goods or services or consumer credit, including a co *867 obligor or surety.” The consumer essentially is defined vis-ávis a "Merchant”, who is defined in subdivision (e) as a "seller, lessor, or creditor or any other person who makes available either directly or indirectly, goods, services or credit, to consumers.” Merchants are further defined to include "manufacturers, wholesalers and others who are responsible for any act or practice prohibited by this subchapter.”
On this application for a preliminary injunction, the court initially finds that advertising of attorney’s service is included within the trade practices that plaintiff seeks to regulate.
Under the home rule powers of local governments the City has the authority to adopt local laws like the City’s Consumer Protection Law. (NY Const art IX.) Under section 3 of article IX of the NY Constitution, certain powers of the Legislature remain unimpaired. Pursuant to section 3 (a) (2) of article IX jurisdiction over "[t]he courts as required or provided by article VI of this constitution” is a matter for the State Legislature. Under NY Constitution article VI, there is a Unified Court System for this State administered under the authority of the State, rather than the localities (Judiciary Law §§ 210-217). The supervision of attorneys, as officers of the court, is within the mandate of that structure, therefore, and is not a matter for local government. (NY Const art IX; Judiciary Law § 90; Statute of Local Governments § 10.)
Attorneys in this State and throughout most of the United States traditionally have had their roles "completely defined by the court” and under that definition have been described as " ' "officers of the court” ’ ” (see, Bates v State Bar of Ariz., 433 US 350, 361-362, reh denied 434 US 881). As an "officer of the court,” an attorney acts as "the agent of the court under its continuous supervision” (Bates v State Bar of Ariz., supra, at 361). That supervision traditionally has restricted advertising by attorneys, but blanket restrictions on advertising or "commercial speech” by the legal profession, as contrary to the First Amendment of the US Constitution, were overturned in 1977 by the United States Supreme Court in Bates. However, the Bates decision does not state that advertising by attorneys may not be regulated. Instead, the Supreme Court opined that: "[advertising that is false, deceptive, or misleading of course is subject to restraint * * *. In fact, because the public lacks sophistication concerning legal services, misstatements that might be overlooked or deemed unimportant in other advertising may be found quite inappropriate in legal advertising. For example, advertising claims as to the quality *868 of services — a matter we do not address today — are not susceptible of measurement or verification; accordingly, such claims may be so likely to be misleading as to warrant restriction.” (Supra, at 383-384.)
Further, the court held that attorneys might be required to provide "limited supplementation, by way of warning or disclaimer or the like” in their advertising "so as to assure that the consumer is not mislead.” (Supra, at 384.) In conclusion, the court recognized that "problems * * * between deceptive and nondeceptive advertising remain to be resolved, and we expect that the bar will have a special role * * * in assuring * * * advertising by attorneys flows both freely and cleanly.” (Supra, at 384.)
In fact, Judiciary Law § 460 provides for the admission to practice as an attorney or counselor in this State after examination and licensing as prescribed in the Judiciary Law (see, Judiciary Law §§ 460-497, 90) and in the rules of the Court of Appeals. The Appellate Division of the Supreme Court in each Department is authorized to regulate the conduct of attorneys (see, Judiciary Law § 90), and under the rules adopted by each Department, the Supreme Court exercises that authority (see, e.g., Matter of Anonymous v Grievance Comm., 136 AD2d 344).
Judiciary Law § 90 (2) states that: "The supreme court shall have power and control over attorneys and counselors-at-law and all persons practicing or assuming to practice law, and the appellate division of the supreme court in each department is authorized to censure, suspend from practice or remove from office any attorney and counselor-at-law admitted to practice who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice”.
Both Appellate Divisions within New York City have promulgated rules as to attorney advertising. (22 NYCRR 603.22, 691.22.) The rules provide, in pertinent part, that attorneys shall not disseminate "any public communication containing statements or claims that are false, deceptive, misleading”. (22 NYCRR 603.22 [a].) The Appellate Division may find violation of a rule professional misconduct and discipline an attorney accordingly (see, 22 NYCRR 603.2).
However, nowhere in the State’s regulatory scheme is there power to enjoin publication of any advertising in violation of the rules or fine an attorney who has had published deceptive advertising.
*869 On the other hand, the City’s Consumer Protection Law is designed to safeguard "the vast multitude * * * including the ignorant, the unthinking and the credulous who, in making purchases, do not stop to analyze but are governed by appearances and general impressions” (Guggenheimer v Ginzburg, 43 NY2d 268, 273). The law authorizes the plaintiffs to seek civil penalties and injunctions restraining deceptive or misleading advertisements. (Consumer Protection Law § 20-703.) Thus, although the State has a comprehensive scheme to regulate attorneys’ conduct, it does not appear to preempt the City’s attempt to protect its consumers. Rather than being inconsistent with the scheme, the City’s law supplements it, providing additional protection to the consuming public. The decisions defendant relies on and cites to this court are inapposite.
In order to obtain a preliminary injunction, plaintiffs must establish the likelihood of ultimate success on the merits, irreparable injury absent the granting of a preliminary injunction and a balancing of the equities in their favor. (CPLR 6301.)
Based on the papers submitted, copies of defendant’s advertisements, and on oral argument, the temporary injunction that plaintiffs seek appears overbroad. First, it is not likely that plaintiffs will be able to prove that the advertisements contain an offer to obtain a green card within 10 days. However, continued publication of "Divorce/low fee/possible 10 days” may be temporarily enjoined unless defendant adds an appropriate limitation or eliminates "possible 10 days”. Even if defendant can prove he has obtained divorces within this time period in the past and, although his office responds to telephone inquiries with an explanation about emergency situations, the qualification should be part of the advertisement itself. It is likely that plaintiffs will be able to prove that the statement "possible 10 days” is deceptive and misleading.
As to the second criteria required for a preliminary injunction — irreparable injury — the Court of Appeals held: "To establish such a cause of action [deceptive trade practice], it need not be shown that consumers are being or were actually injured” (Guggenheimer v Ginzburg, supra, 43 NY2d, at 272-273). Thus, plaintiffs need not establish actual injury to obtain a temporary injunction.
In balancing the equities, this court is not unmindful of defendant’s contention that he needs to continue to advertise to remain in business. On the other hand, the consuming *870 public also requires protection which plaintiffs seek to enforce. The equities balance in the public’s favor over defendant’s private economic interest.
Settle order on notice in accordance with this decision. The court’s temporary restraining order is continued until that order’s entry with all reference to "or green card” deleted.