13-598
Eric M. Berman, P.C., et al. v. City of New York, et al.



UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2013

(Argued: December 13, 2013                 Decided: October 29, 2014)

Docket No. 13-598

_____

ERIC M. BERMAN, P.C., LACY KATZEN, LLP,


*Plaintiffs-Appellees*,

v.

CITY OF NEW YORK, NEW YORK
CITY COUNCIL, NEW YORK CITY
DEPARTMENT OF CONSUMER AFFAIRS,
JONATHAN MINTZ, in his official capacity
as the Commissioner of the New York City
Department of Consumer Affairs,

*Defendants-Appellants*.[*]

_____

Before: POOLER, PARKER, and CHIN, *Circuit Judges*.

---

[*] The Clerk of the Court is directed to amend the caption as above.

Defendants–Appellants City of New York, New York City Council, New York City Department of Consumer Affairs, and Jonathan Mintz appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *J.*), entered on February 14, 2013, which granted in part Plaintiffs–Appellees Eric M. Berman, P.C. and Lacy Katzen, LLP's motion for summary judgment. The district court judgment declared, in pertinent part, that New York City's Local Law 15, which regulates the debt collection agencies, was void as applied to Plaintiffs, which are law firms that seek to collect debts. Because this case raises unresolved and significant issues concerning the scope of New York State's regulatory authority over attorneys, we certify two questions to the New York Court of Appeals.

_____

JANET L. ZALEON, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Kristin M. Helmers, Nicholas R. Ciappetta, *on the brief*), New York, NY, *for Defendants–Appellants*.

MAX S. GERSHENOFF, Rivkin Radler, LLP (Evan H. Krinick, Cheryl F. Korman, Michael P. Versichelli, *on the brief*), Uniondale, NY, *for Plaintiffs–Appellees.*

Carolyn E. Coffey, MFY Legal Services, Inc., New York, NY; Theodora Galacatos, Feerick Center for Social Justice, New York, NY; Claudia Wilner, New Economy Project, Inc., New York, NY, *counsel for amici curiae in support of Defendants–Appellants.*

POOLER, *Circuit Judge*:

Defendants–Appellants City of New York, New York City Council, New York City Department of Consumer Affairs, and Jonathan Mintz (collectively, "Defendants" or "New York City") appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *J.*), entered on February 14, 2013, which granted in part the motion for summary judgment filed by Plaintiffs–Appellees Eric M. Berman, P.C. and Lacy Katzen, LLP (collectively, "Plaintiffs"). The district court declared, in pertinent part, that New York City's Local Law 15, which regulates debt collection agencies, was void as applied to Plaintiffs, which are law firms that seek to collect debts. Because this case raises unresolved and significant issues concerning the scope of New York State's regulatory authority over attorneys, we certify two questions to the New York Court of Appeals.

## BACKGROUND

**I.     A Brief History of New York City's Regulation of Debt Collection**

In 1984, New York City passed Local Law 65, which regulated debt collection agencies. That law, among other things, required debt collection agencies to obtain a license prior to engaging in debt collection activities. The law excluded from its definition of debt collection agencies "any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client." App'x at 166.

In 2007, a member of the New York City Council introduced a bill to amend Local Law 65. As one of its proposed changes, the amendment sought to clarify which attorneys and law firms were exempt from the licensing requirement and which would come within the definition of debt collectors. A hearing was held on the bill, at which councilpersons and others testified. In response to testimony at the hearing, the previously proposed bill was amended. The City Council's Committee on Consumer Affairs released a report that discussed how the amended bill sought to address concerns regarding the effects of consumer debt on the residents of New York City and the manner in which such debt is collected.

The amended bill was passed by the City Council, signed by the Mayor, and became Local Law 15. Among other things, Local Law 15 changed the definition of "debt collection agencies," stating that the term does not include:

> any attorney-at-law *or law firm* collecting a debt [as an attorney] *in such capacity* on behalf of and in the name of a client *solely through activities that may only be performed by a licensed attorney, but not any attorney-at-law or law firm or part thereof who regularly engages in activities traditionally performed by debt collectors, including, but not limited to, contacting a debtor through the mail or via telephone with the purpose of collecting a debt or other activities as determined by rule of the commissioner*.

N.Y.C., N.Y., Code § 20-489(a)(5) (newly added language in italics and omitted language in brackets). Local Law 15 also brought within the definition of debt collection agency:

> a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another *and shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt*.

*Id.* § 20-489(a) (newly added language in italics).

Local Law 15 did not amend the licensing requirement for debt collection agencies. However, it did create new mandatory debt collection practices for those agencies, proscribe certain practices, and establish new penalties.

## II.    Procedural History[1]

Plaintiffs are law firms that attempt to collect debts. They brought this action seeking, among other remedies, a declaratory judgment that Local Law 15 violates Article IX of the New York Constitution, the New York Municipal Home Rule Law, the New York Judiciary Law, and the New York City Charter. Plaintiffs allege that "it is the New York State Judiciary, not municipal governments, that has the sole authority to regulate attorney admissions, practice, and conduct." App'x at 22, ¶ 41.

The parties cross-moved for summary judgment, and the district court granted each motion in part and denied each motion in part. Of particular relevance to this opinion, the district court granted Plaintiffs' motion for summary judgment on their claim that Local Law 15 conflicted with the State's authority to regulate attorneys, and was without force and effect as to Plaintiffs. The district court also granted summary judgment for Plaintiffs on their claim that Local Law 15 violated a provision of the New York City Charter by purporting to provide the City with the effective authority to grant or withhold licenses to practice law, which is a function reserved to the State. Defendants appeal that summary judgment decision.

---

[1] For a more detailed review of this case's procedural history see *Berman v. City of New York*, 895 F. Supp. 2d 453, 463–65 (E.D.N.Y. 2012).

# DISCUSSION

## I.       Applicable Legal Standards

### A.       Summary Judgment

"We review the district court's grant of summary judgment *de novo*, applying the same standards that govern the district court's consideration of the motion." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013) (internal quotation marks omitted).

### B.       Certification

"The regulations of the New York Court of Appeals permit that Court, in its discretion, to entertain dispositive questions certified to it for resolution." *Beardslee v. Inflection Energy, LLC*, 761 F.3d. 221, 228 (2d Cir. 2014). There are three inquiries we undertake before certifying a question:

> (1) whether the New York Court of Appeals has addressed the issue and, if not, whether the decisions of other New York courts permit us to predict how the Court of Appeals would resolve it; (2) whether the question is of importance to the state and may require value judgments and public policy choices; and (3) whether the certified question is determinative of a claim before us.

*Id.* (internal quotation marks omitted). Our Local Rules provide us with authority to certify questions to the New York Court of Appeals. *See* Local Rule 27.2(a) of the Local Rules of the United States Court of Appeals for the Second Circuit.

**II.    The Preemption Issues**

"Broadly speaking, State preemption occurs in one of two ways—first, when a local government adopts a law that directly conflicts with a State statute and second, when a local government legislates in a field for which the State Legislature has assumed full regulatory responsibility." *DJL Rest. Corp. v. City of New York*, 749 N.E.2d 186, 190 (N.Y. 2001) (citations omitted). In this case, the district court concluded that Local Law 15 was "in direct conflict with New York Judiciary Law §§ 53 and 90." *Berman v. City of New York*, 895 F. Supp. 2d 453, 469 (E.D.N.Y. 2012). It did not consider whether those provisions of the State's Judiciary Law rendered Local Law 15 invalid under the doctrine of field preemption.

**A.    State Law Related to Attorney Conduct**

Section 53 of the New York Judiciary Law provides the New York Court of Appeals with the authority to make rules concerning the admission of attorneys to practice law. For example, it states: "The court of appeals may from time to time adopt, amend, or rescind rules not inconsistent with the constitution or statutes of the state, regulating the admission of attorneys and counsellors at law, to practice in all the courts of record of the state." N.Y. Judiciary Law § 53(1).

8

Section 90 of the New York Judiciary Law generally provides New York courts with the power to regulate the practice of law, stating:

> The supreme court shall have power and control over attorneys and counsellors-at-law and all persons practicing or assuming to practice law, and the appellate division of the supreme court in each department is authorized to censure, suspend from practice or remove from office any attorney and counsellor-at-law admitted to practice who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice; and the appellate division of the supreme court is hereby authorized to revoke such admission for any misrepresentation or suppression of any information in connection with the application for admission to practice.

*Id.* § 90(2). In addition, various provisions of Section 90 subject attorneys to discipline for other conduct, such as failure to pay child support and the commission of a felony or serious crime. *See id.* §§ 90(2-a)(a)–(e), (4)(a)–(f).

Section 11(1)(e) of the New York Municipal Home Rule Law explains that "[n]otwithstanding any provision of this chapter, the legislative body shall not be deemed authorized by this chapter to adopt a local law which supersedes a state statute, if such local law: . . . Applies to or affects the courts as required or provided by article six of the constitution." N.Y. Mun. Home Rule Law § 11(1)(e). Article six of the New York Constitution relates to the establishment, jurisdiction, and procedures of the judiciary, among other things.

## B. The Relationship Between State Law and Local Law 15

At a high level of generality, this case requires a determination of what types of activities, when performed by an attorney who is subject to the State's regulation of attorneys, can permissibly be regulated by a local government. A New York court has stated that "no local legislature has the power to define new limitations on the practice of the law" because "the boundaries of permissible practice for attorneys is a matter for the State Legislature and the Supreme Court" of New York, under Section 90(2) of the New York Judiciary Law. *In re Roth v. Turoff*, 487 N.Y.S.2d 710, 712 (Sup. Ct. 1985), *aff'd*, 507 N.Y.S.2d 822 (App. Div. 1st Dep't 1986). However, as the district court noted, there likely are many activities that, even when performed by an attorney, are so unrelated to the practice of law that a local government can permissibly regulate them, such as "driving a taxi cab or operating a fruit stand." *Berman*, 895 F. Supp. 2d at 472.

The more specific issue here is whether Local Law 15's regulation of debt collection agencies impermissibly intrudes on the State's authority to regulate the practice of law. Local Law 15's definition of a debt collection agency expressly excludes "any attorney-at-law or law firm [1] collecting a debt in such capacity [2] on behalf of and in the name of a client [3] solely through activities that may

10

only be performed by a licensed attorney." N.Y.C., N.Y., Code § 20-489(a)(5).

Thus, Local Law 15 does not, on its face, appear to regulate an attorney who is collecting a debt in her representative capacity as a licensed attorney, in the name of a client, and through activities that only a licensed attorney can perform.

However, the law does apply to certain attorney conduct. Local Law 15's definition of a debt collection agency includes "any attorney-at-law or law firm or part thereof who regularly engages in activities traditionally performed by debt collectors, including, but not limited to, contacting a debtor through the mail or via telephone with the purpose of collecting a debt or other activities as determined by rule of the commissioner." *Id.* This portion of the definition of a debt collection agency appears to cover attorney conduct, such as calling a debtor on the telephone, when it is not performed in the name of a client and in a manner reserved solely for licensed attorneys.

We need not address in any detail how these two definitional provisions may operate together, and leave the construction of the law to the New York Court of Appeals in the first instance, if it decides to accept this case.[2] It is

___

[2] We also note our concern that Local Law 15 could be read as not providing a clear basis for differentiating between attorneys who attempt to collect debts "solely through activities that may only be performed by a licensed attorney" and those who attempt to collect debts by "regularly engag[ing] in

11

sufficient for the purposes of this opinion to note that there is certain attorney conduct—conduct traditionally performed by debt collectors—which, if regularly performed by an attorney, is subject to Local Law 15. The question is whether Local Law 15's regulation of this attorney conduct that is not particular to licensed attorneys is preempted by the State's authority to regulate the practice of law.

The New York Court of Appeals has yet to address the preemption question presented here. And while decisions of other New York courts provide some guidance on this question, *see Aponte v. Raychuk*, 531 N.Y.S.2d 689 (Sup. Ct. 1988), *aff'd*, 559 N.Y.S.2d 255 (App. Div. 1st Dep't 1990); *In re Roth*, 487 N.Y.S.2d 710, we cannot predict how the State's highest court would resolve the preemption issue in this case.

In *In re Roth*, New York City passed an ordinance requiring "taxicab brokers" to obtain a license and pay certain fees. *See* 487 N.Y.S.2d at 711 (internal quotation marks omitted). The local ordinance defined a "'taxicab broker' as one 'who, for another . . . acts as an agent or intermediary in negotiating the purchase

activities traditionally performed by debt collectors." Similarly, it is not clear what standard to apply to an attorney who does both; nor is it entirely clear what are the debt collection "activities that may only be performed by a licensed attorney." N.Y.C., N.Y., Code § 20-489.

or sale of a taxicab.'" *Id.* at 712 (alteration in original) (quoting N.Y.C., N.Y., Code § 2325(a)). "Taking this definition at face value it is clear that no attorney could possibly represent either the buyer or seller of a taxicab without first obtaining a license from the Commission and complying with the requirements of such licensing." *Id.*

Given the scope of that local law, the court concluded that it would not be possible for "an attorney, not licensed by the Commission, but requested by a client to prepare a bill of sale and a security agreement in connection with the sale of a taxicab, [to] do so without subjecting himself or herself to both civil and criminal penalties." *Id.* Because the State, not local government, has the authority to "impose requirements upon attorneys in limitation of their usual and normal privileges," the local law in that case could not be enforced against licensed attorneys. *Id.*[3]

As described earlier, in this case, attorney debt collection activities that are performed in the name of a client and "that may only be performed by a licensed

_____

[3] We note that the court in *In re Roth* did not expressly state whether its decision was based on the doctrine of conflict or field preemption. However, the court did note that the petitioner-attorney challenging that local law argued that it was invalid based on a theory of field preemption. *See* 487 N.Y.S.2d at 712. We do not endeavor to decide whether the reasoning in that case should be limited to only a certain type of preemption.

13

attorney" are not subject to Local Law 15. N.Y.C., N.Y., Code § 20-489(a)(5).

Because it appears possible for an attorney to perform the debt collection functions particular to a licensed attorney without being subject to the local regulation, Local Law 15 is different from the local law at issue in *In re Roth*, which limited the "usual and normal privileges" of attorneys. 487 N.Y.S.2d at 712.

However, under Local Law 15, an attorney's regular activities that resemble those "traditionally performed by debt collectors" are subject to regulation. N.Y.C., N.Y., Code § 20-489(a)(5). The issue is whether the regulation of that attorney conduct constitutes the regulation of the practice of law, or whether it is more like subjecting an attorney who runs a fruit stand to regulations governing fruit stands. The court in *In re Roth* did not address a question similar to the one here: "[T]he Court is not passing upon the applicability of the [local] law as to persons who, while they may be attorneys are in no way functioning as such but are merely acting as brokers in the literal sense of that word." 487 N.Y.S.2d at 712.

Thus, we do not believe that *In re Roth* permits us to predict how the New York Court of Appeals would answer the question of whether New York City

14

may permissibly regulate the conduct of an attorney who is functioning as a traditional debt collector and not in a manner reserved exclusively for attorneys. In this regard, the district court concluded that the State has the authority to regulate attorney conduct even when that conduct is not legal in nature. *See Berman*, 895 F. Supp. 2d at 470. We, however, are unsure about the breadth of the State's authority to regulate attorney conduct that is not reserved for licensed attorneys alone.

There appears to be at least some authority for the proposition that a local government can, in some circumstances, regulate certain attorney conduct even when the State has regulated that very conduct. For example, in *Aponte*, the issue was whether the New York City Department of Consumer Affairs could permissibly obtain an injunction limiting an attorney's newspaper advertisements because they were allegedly deceptive and misleading, or whether such municipal action was preempted by the New York Judiciary Law. 531 N.Y.S.2d at 690–91. The State regime governing attorney advertising did not contain the "power to enjoin publication of any advertising in violation of the rules or fine an attorney who has had published deceptive advertising," while the

15

local law "authorize[d] the plaintiffs to seek civil penalties and injunctions restraining deceptive or misleading advertisements." *Id.* at 692.

The court in *Aponte* concluded that "although the State has a comprehensive scheme to regulate attorneys' conduct, it does not appear to preempt the City's attempt to protect its consumers." *Id.* "Rather than being inconsistent with the scheme, the City's law supplements it, providing additional protection to the consuming public." *Id.*

An attorney's conduct with respect to advertising, however, appears more readily distinguishable from the "usual and normal privileges" of being a attorney, *In re Roth*, 487 N.Y.S.2d at 712, than the traditional debt collection activities at issue here, which can have substantial overlap with "activities that may only be performed by a licensed attorney," N.Y.C., N.Y., Code § 20-489(a)(5). Thus, we do not believe that *Aponte* allows us to predict how the New York Court of Appeals would answer the question here of the State's authority to regulate an attorney's debt collection activities when those activities are not reserved for licensed attorneys.

In addition, Local Law 15 implicates policy questions of significant importance to New York City and the State. As noted earlier, New York City

16

sought to address through Local Law 15 substantial concerns about the effects of consumer debt on its residents and the manner in which that debt is collected. The legislative declaration concerning New York City's law governing debt collection states that "there is a minority of unscrupulous collection agencies in operation that practice abusive tactics such as threatening delinquent debtors, or calling such people at outrageous times of the night." N.Y.C., N.Y., Code § 20-488. That declaration goes on to provide that "it is incumbent upon this council to protect the interests, reputations and fiscal well-being of the citizens of this city against those agencies who would abuse their privilege of operation." *Id.*

Given those policy considerations, as well as the policy judgments that are involved in determining the scope of attorney regulation by the State, we believe that the New York Court of Appeals should have the opportunity to address in the first instance whether Local Law 15 is preempted insofar as it regulates attorney conduct. Finally, the preemption question is determinative in this case.[4]

---

[4] We note that we have reviewed Plaintiffs' May 6, 2014 submission concerning the State's proposed reforms relating to consumer credit collection cases but need not address that submission further at this stage.

## III. Local Law 15 and the New York City Charter

Plaintiffs also allege that Section 2203(c) of the New York City Charter impermissibly gives New York City the authority to grant and withhold licenses to practice law, which is a power vested solely with the State.

The New York City Charter provides that the Commissioner of the Department of Consumer Affairs:

> shall have cognizance and control of the granting, issuing, transferring, renewing, revoking, suspending and cancelling of all licenses and permits, *except in the cases with respect to which and to the extent to which any of said powers are conferred on other persons or agency by laws*, and shall collect all fees for licenses and permits the collection of which by some other person or agency is not authorized by law.

N.Y.C., N.Y., Charter § 2203(c) (emphasis added).

The district court granted Plaintiffs' summary judgment motion on this claim, but did not address the issue in detail in its memorandum and order. The district court simply stated that it was "not within the [Department of Consumer Affairs'] power to license attorneys or regulate their professional conduct." *Berman*, 895 F. Supp. 2d at 470 (citing N.Y. Mun. Home Rule Law § 11 and N.Y.C., N.Y., Charter § 2203(c)). This issue is substantially intertwined with the issues discussed above concerning the scope of the State's authority to regulate attorneys.

18

Accordingly, we will certify a question to the New York Court of Appeals concerning whether Local Law 15 violates Section 2203(c) of the New York City Charter. The New York Court of Appeals may only need to address this question if it determines that Local Law 15 is not preempted by the State law provisions discussed above.

**CONCLUSION**

Based on the foregoing and pursuant to Local Rule 27.2, we certify the following questions to the New York Court of Appeals:

1. Does Local Law 15, insofar as it regulates attorney conduct, constitute an unlawful encroachment on the State's authority to regulate attorneys, and is there a conflict between Local Law 15 and Sections 53 and 90 of the New York Judiciary Law?

2. If Local Law 15's regulation of attorney conduct is not preempted, does Local Law 15, as applied to attorneys, violate Section 2203(c) of the New York City Charter?

If the New York Court of Appeals accepts this case, we understand that it may reformulate or expand these certified questions as it deems appropriate. We do not intend to limit the scope of that Court's analysis by the manner in which we have formulated the foregoing questions for certification.

It is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals this opinion as our certificate, along with a

19

complete set of all materials filed by the parties in this Court. This panel will resume consideration of this case after the New York Court of Appeals has disposed of the certified questions or declined to accept certification.