13-598-cv
Eric M. Berman, P.C., et al. v. City of New York, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2013

(Argued: December 13, 2013                    Decided: August 5, 2015)

Docket No. 13-598-cv

_____

ERIC M. BERMAN, P.C., LACY KATZEN, LLP,


*Plaintiffs-Appellees*,


v.


CITY OF NEW YORK, NEW YORK CITY COUNCIL,
NEW YORK CITY DEPARTMENT OF CONSUMER
AFFAIRS, JULIE MENIN, in her official capacity
as the Commissioner of the New York City
Department of Consumer Affairs,

*Defendants-Appellants*.[*]


_____


Before: POOLER, PARKER, and CHIN, *Circuit Judges*.

_____

[*] The Clerk of the Court is directed to amend the caption as above. Julie Menin is automatically substituted for Jonathan Mintz pursuant to Fed. R. App. P. 43(c)(2).

Defendants-Appellants the City of New York, the New York City Council, the New York City Department of Consumer Affairs, and Commissioner of the New York City Department of Consumer Affairs Julie Menin appeal from the February 14, 2013 judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *J.*) granting, in relevant part, Plaintiffs-Appellees Eric M. Berman, P.C. and Lacy Katzen, LLP's motion for summary judgment. The district court concluded that New York State's authority to regulate attorney conduct preempted a New York City law regulating certain debt collection activities of attorneys ("Local Law 15"). In our previous opinion in this case, we certified two questions underlying the district court's preemption analysis to the New York Court of Appeals. The Court of Appeals subsequently concluded that New York State's authority to regulate attorney conduct does not preempt Local Law 15. Consistent with the Court of Appeals' opinion, we vacate the judgment of the district court in relevant part and remand for further proceedings consistent with this opinion.

Vacated and remanded.

_____

JANET L. ZALEON, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Kristin M. Helmers, Nicholas R. Ciappetta, *on the brief*), New York, NY, *for Defendants-Appellants*.

MAX S. GERSHENOFF, Rivkin Radler, LLP (Evan H. Krinick, Cheryl F. Korman, Michael P. Versichelli, *on the brief*), Uniondale, NY, *for Plaintiffs-Appellees*.

Carolyn E. Coffey, MFY Legal Services, Inc., New York, NY; Theodora Galacatos, Feerick Center for Social Justice, New York, NY; Claudia Wilner, New Economy Project, Inc., New York, NY, *counsel for amici curiae in support of Defendants-Appellants*.

PER CURIAM:

This case returns to us following certification to the New York Court of Appeals. Defendants-Appellants the City of New York, the New York City Council, the New York City Department of Consumer Affairs, and Commissioner of the New York City Department of Consumer Affairs Julie Menin appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *J.*), entered on February 14, 2013. In relevant part, the district court granted Plaintiffs-Appellees Eric M. Berman, P.C. and Lacy Katzen, LLP's motion for summary judgment, deeming New York City's Local Law 15 void as applied to law firms that seek to collect debts. Finding Local Law 15's regulation

3

of certain attorney debt collection practices in conflict with New York State's authority to regulate attorney conduct, the district court concluded that the provision was preempted by State law. *Eric M. Berman, P.C. v. City of New York*, 895 F. Supp. 2d 453, 469–73 (E.D.N.Y. 2012) ("*Berman I*").

In our prior opinion, recognizing that Plaintiffs' challenge "raise[d] unresolved and significant issues concerning the scope of New York State's regulatory authority over attorneys," we certified two questions underlying the district court's preemption analysis to the New York Court of Appeals. *Eric M. Berman, P.C. v. City of New York*, 770 F.3d 1002, 1003 (2d Cir. 2014) ("*Berman II*"). In response to our certified questions, the Court of Appeals has now held that Local Law 15 is "not preempted" by New York State's authority over attorney conduct. *Eric M. Berman, P.C. v. City of New York*, --- N.E.3d ----, 2015 WL 3948182, slip. op. at 2 (N.Y. June 30, 2015) ("*Berman III*"). Given the Court of Appeals' holding, we vacate the district court's judgment in relevant part and remand for further proceedings consistent with this opinion.

**BACKGROUND**

The background of this case is set forth in greater detail in our previous opinion. *See Berman II*, 770 F.3d at 1003–05; *see also Berman I*, 895 F. Supp. 2d at

4

458–65. We assume familiarity with the prior opinions in this case, offering an abbreviated recitation of the facts and procedural history.

New York City Local Law 65 regulates debt collection agencies, and, inter alia, requires such agencies to obtain a license prior to engaging in debt collection activities. As originally enacted, the law excluded from its definition of debt collection agencies "any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client." App'x at 166.

In 2009, New York City enacted Local Law 15, amending Local Law 65. Local Law 15 changed the definition of "debt collection agencies," stating that the term does not include:

> any attorney-at-law *or law firm* collecting a debt [as an attorney] *in such capacity* on behalf of and in the name of a client *solely through activities that may only be performed by a licensed attorney, but not any attorney-at-law or law firm or part thereof who regularly engages in activities traditionally performed by debt collectors, including, but not limited to, contacting a debtor through the mail or via telephone with the purpose of collecting a debt or other activities as determined by rule of the commissioner . . . .*

N.Y.C. Admin. Code § 20-489(a)(5) (newly added language in italics and omitted language in brackets). Local Law 15 also re-defined debt collection agency to include:

a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another *and shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.*

*Id.* § 20-489(a) (newly added language in italics).

Plaintiffs are law firms that attempt to collect debts. They brought this action seeking, inter alia, a declaratory judgment that Local Law 15 violates New York State law and the New York City Charter. Plaintiffs argue that "it is the New York State Judiciary, not municipal governments, that has the sole authority to regulate attorney admissions, practice, and conduct," App'x at 22 ¶ 41. They contend that by policing attorney conduct related to debt collection, Local Law 15 intrudes upon New York State's authority to regulate the practice of law.

The parties cross-moved for summary judgment, and, as relevant here, the district court granted Plaintiffs summary judgment on their claim that Local Law 15 conflicted with New York State's authority to regulate attorneys. The district court concluded that Local Law 15 was invalid, as its restrictions on debt collection activity constituted an impermissible attempt to regulate attorney conduct and the practice of law. *See Berman I*, 895 F. Supp. 2d at 469 (concluding

6

that Local Law 15 was "in direct conflict with New York Judiciary Law §§ 53 and 90"). The district court also concluded summarily that Local Law 15 violated Section 2203(c) of the New York City Charter. *Id.* at 470. By providing the Commissioner of the City Department of Consumer Affairs with the effective authority to license attorney conduct, Local Law usurped a function reserved to the State. *See id.* Defendants appealed the district court's decision.

In our prior opinion, we determined that Plaintiffs' challenge to Local Law 15 "raise[d] unresolved and significant issues concerning the scope of New York State's regulatory authority over attorneys." *Berman II*, 770 F.3d at 1003. Thus, we certified the following two questions to the New York Court of Appeals:

> 1. Does Local Law 15, insofar as it regulates attorney conduct, constitute an unlawful encroachment on the State's authority to regulate attorneys, and is there a conflict between Local Law 15 and Sections 53 and 90 of the New York Judiciary Law?
>
> 2. If Local Law 15's regulation of attorney conduct is not preempted, does Local Law 15, as applied to attorneys, violate Section 2203(c) of the New York City Charter?

*Id.* at 1009–10. The Court of Appeals accepted certification, and in an opinion issued June 30, 2015, answered the first question in the negative, finding "no conflict between Local Law 15 and the State's authority to regulate attorneys."

7

*Berman III*, slip. op. at 10; *but see id.* at 11 (Fahey, *J.*, dissenting) (concluding that Local Law 15 "is preempted by State law pursuant to the doctrine of field preemption"). The Court of Appeals reformulated the second question as follows: "If Local Law 15's regulation of attorney conduct is preempted, does Local Law 15, as applied to attorneys, also violate Section 2203(c) of the New York City Charter?" *Id.* at 10. Having reformulated the second question as conditional on an affirmative answer to the first, the Court of Appeals declined to reach the issue. Rather, the Court of Appeals instructed that the second question "should be answered in accordance with [its] opinion." *Id.*

## DISCUSSION

The Court of Appeals' opinion resolves this appeal in favor of Defendants. With respect to our first certified question, the Court of Appeals "conclude[d] that there is no conflict between Local Law 15 and the State's authority to regulate attorneys," as set out in Sections 53 and 90 of the New York Judiciary Law. *Id.* Although Local Law 15 regulates certain debt collection activities that may be performed by attorneys, "it does not purport to regulate attorneys as such" and specifically excludes "attorneys who are engaged in the practice of law on behalf of a particular client." *Id.* at 7. Thus, according to the Court of Appeals,

8

"[t]here is no express conflict between the broad authority accorded to [New York State] courts to regulate attorneys under the Judiciary Law and the licensing of individuals as attorneys who are engaged in debt collection activity falling outside of the practice of law." *Id.* In addition, the New York State Judiciary's "authority to regulate attorney conduct does not evince an intent to preempt the field of regulating nonlegal services rendered by attorneys." *Id.* at 9. Accordingly, consistent with the Court of Appeals' opinion, we conclude that the district court erred in finding that Local Law 15 impermissibly interferes with the State's authority to regulate attorney conduct.

The Court of Appeals' analysis also effectively resolves our second question – whether Local Law 15 runs afoul of Section 2203(c) of the New York City Charter. The Court of Appeals instructed that this question "should be answered in accordance with [its] opinion," *id.* at 10, and as we recognized previously, "[t]his issue is substantially intertwined with the issues . . . concerning the scope of the State's authority to regulate attorneys," *Berman II*, 770 F.3d at 1009. Section 2203(c) grants the Commissioner of the Department of Consumer Affairs power over the issuance of licenses, "except . . . to the extent to which any of said powers are conferred on other persons or agency by laws."

9

N.Y.C. Charter § 2203(c). Having determined that Local Law 15's restrictions inappropriately regulated the practice of law, the district court concluded that any associated licensing regime *also* violated Section 2203(c), as licensing of the practice of law is a power vested with the State. However, the Court of Appeals' opinion removes the logical premise for this conclusion. Given "the absence of" a "conflict between Local Law 15 and the State's authority to regulate attorneys," *Berman III*, slip. op. at 10, the licensing provisions of Local Law 15 do not usurp the State's authority to license the practice of law. Consequently, Local Law 15 does not conflict with Section 2203(c) of the City Charter.

Because the district court erred in rejecting Local Law 15 on preemption grounds, we vacate its judgment in relevant part. We decline Plaintiffs' invitation to affirm on grounds not reached below. Before the district court, Plaintiffs also challenged Local Law 15's regulation of attorney conduct as unconstitutionally vague, both on its face and as applied. In light of its preemption analysis, the district court never decided this question. *See Berman I*, 895 F. Supp. 2d at 501 (deeming it "unnecessary for the Court to address plaintiffs' vagueness claim insofar as it relates to the regulation of attorneys or law firms"). Though Plaintiffs reiterate their vagueness challenge on appeal, "[i]t is this Court's usual practice to

allow the district court to address arguments in the first instance." *Dardana Ltd. v. Yuganskneftegaz*, 317 F.3d 202, 208 (2d Cir. 2003). Consistent with our typical practice, we leave Plaintiffs' vagueness challenge to be addressed on remand.[1]

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is vacated in relevant part. We remand for further proceedings consistent with this opinion.

---

[1] Although the district court explicitly declined to address Plaintiffs' present vagueness arguments, it noted in addressing a related vagueness question that "it is doubtful that plaintiffs have standing to assert either their facial or as applied claim." *Berman I*, 895 F. Supp. 2d at 502. While we take no position on this issue, we note similar concerns regarding Plaintiffs' present vagueness challenge. On remand, consistent with its "independent obligation to examine [its] own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), the district court should assure itself of Plaintiffs' standing to assert their facial and as applied challenges, including by exploring how any alleged vagueness relates to Plaintiffs' conduct.